## Ratliff v. Stanley, et al.

(Decided June 1, 1928.)

## Appeal from Pike Circuit Court.

1. Arrest.—Issuance of mittimus from court of competent jurisdiction is not always indispensable to authorize confinement of person arrested, under Criminal Code of Practice, secs. 394-398.

2. Prisons.—Unauthorized custody without mittimus of person arrested would not give right of action against sureties on jailer's bond, since jailer in taking custody would not have been acting in discharge of his official duty.

3. Prisons.—Petition in action by prisoner against jailer and his sureties, alleging that prisoners confined in the jail assaulted and injured plaintiff, and that defendant knew the prisoners maintained an organization for the purpose of initiating prisoners, and that they had frequently assaulted and injured other prisoners, and that jailer assented to the custom and encouraged organization to assault plaintiff, held to state cause of action, under Ky. Stats., secs. 2226, 2229.

4. Prisons.—Law imposes duty on jailer to exercise reasonable and ordinary care and diligence to prevent unlawful injury to prisoner placed in his custody, though jailer is not chargeable with negligence in failing to prevent what he could not reasonably anticipate.

5. Prisons.—Jailer in county jail, if he knew of custom of prisoners to assault and beat other prisoners by means of organization, was under duty to use means at his command to prevent such unlawful acts, under Ky. Stats., secs. 2226 and 2229.

6. Prisons.—If prisoner was lawfully incarcerated and county jailer was acting in official capacity in keeping him in custody and failed to use means at hand to prevent assault on prisoner by organization of prisoners known to have custom of initiating other prisoners, jailer and sureties on his official bond would be liable, under Ky. Stats., secs. 2226 and 2229.

W. K. STEELE for appellant.

J. E. CHILDERS and ZACH JUSTICE for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This action was brought by the appellant against J. E. Stanley and the sureties on his official bond as jailer of Pike county for damages for injuries alleged to have been sustained by appellant while incarcerated in the Pike county jail. In his petition the plaintiff alleged that about 7 o'clock p. m., on the 28th of October, 1925, he was arrested by a policeman in the city of Pikeville and placed in the Pike county jail, and that soon thereafter

other prisoners who were in the jail beat and bruised him and took from him all the money he had in his possession. It was further averred in the petition that the prisoners in the Pike county jail had, for many months prior to plaintiff's arrest and incarceration, maintained what is known as a "kangaroo court" for the purpose of initiating new prisoners and demanding of them certain fees; that it had been the custom of the prisoners who were members of the organization to assault other prisoners when first placed in the jail and to take from them their personal effects; that J. E. Stanley, the jailer, knew of this custom and had permitted it to continue for a number of months and had taken no steps to protect prisoners who were lodged in jail; and that he encouraged and permitted the members of the organization to beat, bruise, and rob the plaintiff.

In an amended petition it was averred that plaintiff was arrested without any warrant having been issued for his arrest, and that the defendant, Stanley, took custody of him without any mittimus or other process and the injuries complained of occurred while he was being unlawfully held in jail.

Demurrers to both the petition and the amended petition were sustained, and, plaintiff having declined to plead further, judgment was entered dismissing the petition and the amended petition, and from that judgment plaintiff has appealed.

The demurrer to the amended petition was properly sustained, since it is apparently based on the theory that the jailer had no authority under any circumstances to take custody of plaintiff without a mittimus from a court of competent jurisdiction. The facts may be such as to warrant the confinement without a mittimus of a person arrested. Pikeville is a city of the fourth class, and section 3498, Kentucky Statutes, provides that:

"Persons arrested for any bailable offense may be placed in the station house or county jail, if necessary, for safe-keeping until taken before the police court for examination."

Under sections 394 to 398, inclusive, of the Criminal Code of Practice, the facts may be such as to authorize the confinement without a mittimus of the person arrested. Nonexistence of such facts is not alleged in the amended petition. In no event would the sureties on Stanley's official bond be liable under the amended peti-

tion, since if the facts had been so alleged as to show that a mittimus was required, Stanley, in taking custody of the plaintiff, would not have been acting in the discharge of his official duty as jailer. Taylor v. Shields, 183 Ky. 669, 210 S. W. 168, 3 A. L. R. 1619.

The petition, though inaptly drawn, states a good cause of action. It is alleged in the petition that the prisoners who were confined in the jail at the time plaintiff was placed therein assaulted and injured him, and that defendant knew the prisoners maintained an organization for the purpose of initiating prisoners as soon as they were incarcerated and had frequently assaulted and injured other prisoners, and he had assented to the custom and had encouraged and permitted this organization to assault the plaintiff.

The question presented by the petition at least has the merit of novelty. The only cases called to our attention in briefs of counsel or disclosed by our independent investigation in which are discussed the operations of kangaroo courts and the liability of jailers for injuries to prisoners attributable thereto are Hixon v. Cupp, 5 Okl. 545, 49 P. 927, Riggs v. German, 81 Wash. 128, 142 P. 479, Eberhart v. Murphy, 110 Wash. 158, 188 P. 17, and the same case on rehearing, 113 Wash. 449, 194 P. 415. In all of these cases the liability of the jailer for such injuries is recognized where he had reasonable ground to apprehend the danger to the prisoner. The law imposes the duty on a jailer to exercise reasonable and ordinary care and diligence to prevent unlawful injury to a prisoner placed in his custody, but he cannot be charged with negligence in failing to prevent what he could not reasonably anticipate.

If, as alleged in the petition, the defendant knew of the custom of the prisoners to assault and beat persons in custody, then it was his duty to use such means as were at his command to prevent such unlawful acts. An organization among prisoners for the purpose of aiding the jailer in promoting order, decency, and cleanliness in the jail should be encouraged, but, if, in order to enforce discipline, such organization customarily engages in violence, which fact is known to the jailer, then he is charged with notice that prisoners incarcerated might be subject to the assaults of fellow prisoners.

Section 2226, Kentucky Statutes, provides, in part:

"The jailer of each county shall receive and keep all persons in the jail who shall be lawfully

committed thereto until they are lawfully discharged. He shall treat them with humanity, and furnish them with proper food and lodging during their confinement.''

And section 2229 provides that each jailer shall have the custody and charge of the jail in his county and of all persons in the jail.

It follows that if the plaintiff was lawfully incarcerated, the jailer was acting in his official capacity in keeping him in custody, and for failure to properly perform the duties imposed upon him the sureties on his official bond would be liable. Taylor v. Shields, supra, and Young v. Amis, 220 Ky. 484, 295 S. W. 431. Wherefore the judgment is reversed with directions to overrule the demurrer to the petition.