## Lamb v. Clark, Jailer, et al.

March 5, 1940.

L. L. Hindman, Judge.

Farland Robbins for appellant.
McDonald & Boaz for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This action was brought by T. E. Lamb, here appellant, against Lloyd Clark, as jailer of Graves county, his deputy, Orville Lassiter, and the Fidelity & Casualty Co. of New York, surety upon Clark's bond, for damages alleged sustained by reason of his having been unlawfully assaulted, beaten and injured while incarcerated in the Graves county jail.

The petition alleged that at about 10 o'clock of the evening of April 7, 1938, he was arrested by policemen of the city of Mayfield, Kentucky, for being drunk and by them carried to and placed in the Graves county jail, in the custody of the defendant jailer and his deputy, for safe-keeping.

He further alleged that on the following morning, while still confined in the jail, he was, through the negligence of the defendants, permitted to be unlawfully assaulted and severely beaten and that he was thereby so injured that he was confined to his home and bedridden for some weeks thereafter.

It is further averred that the prisoners in the Graves county jail had for some years prior to the ar-

rest and incarceration of the plaintiff upon this occasion maintained what is described as a "kangaroo court," for the purpose of initiating new prisoners, by trying, fining and whipping them; that the defendant jailer and his deputy knew of the existence of this prisoners' organization and its custom of unlawfully whipping and beating new prisoners when placed in the jail, but that they had nonetheless failed to perform their official duty of preventing such assaults upon and cruel beatings of prisoners placed in their custody in the jail; and that, by reason of their knowledge of this customary mistreatment of prisoners by the members of the "kangaroo court," defendants were charged with the duty of anticipating that the prisoners would, unless prevented by them, initiate in like manner the plaintiff, but that they made no effort nor exercised any care to prevent the "kangaroo court's" trial of him and the assault made upon him.

Further, plaintiff alleged that the injuries suffered by and inflicted on him by the other prisoners while he was incarcerated and held in the custody of the jailer and his deputy were the direct result of their negligence and in violation of Clark's official duty as jailer, in that he failed to exercise any care to prevent the infliction of such injuries upon plaintiff and that, in fact, the defendant deputy had assented to and encouraged the prisoners in making their unlawful assault upon plaintiff.

A general demurrer was filed to the petition and overruled, whereupon the defendants filed answer, denying generally its allegations and further pleading plaintiff's contributory and also his sole negligence as having caused the assault upon him.

The plaintiff demurred to the paragraph pleading his contributory and sole negligence, when the issues were made up by further pleadings.

The evidence for plaintiff showed his trial, assault and beating by the prisoners' "kangaroo court," in keeping with their custom, and also that the deputy jailer was present at the time he was being so unlawfully mistreated and, though invoked by plaintiff to stop their mistreatment of him, that he did nothing to prevent it.

The defendant Lassiter denied that he was present at the time plaintiff was being whipped and states that

he was in another part of the building, cleaning up the foul cell from which he had that morning released the plaintiff. Further he states that when turning out the prisoners from their cells that morning, upon reaching plaintiff's cell, he found it most foul, due to plaintiff's having permitted his bowels to move while he was in bed and that he had also vomited all over it, all of which created a most offensive odor; that when he had told plaintiff to clean up the mess, he had told him, "clean it up yourself; that is what you are hired for, you g. d. s. o. b.;" also, that upon being released, plaintiff got hold of some tablets (veronal), which he took, which made him drunk again, when he began cursing everyone who passed; also, that his loud cursing, misbehavior and insanitary conduct in his cell had disturbed all of his fellow prisoners throughout the night.

It is insisted by defendants that plaintiff brought on and solely caused his trial by the prisoners' "kangaroo court" by his misconduct and abusive language used, which was such negligence on his part as solely caused it.

Upon conclusion of the evidence, plaintiff moved for a peremptory instruction, which was refused, when he offered numerous instructions, lettered "a" to "k," which the court refused to give except instructions "h" to "k," which merely defined the terms negligence, ordinary care and gross negligence, as used in the instructions given, to which no objections were made nor is their propriety here involved.

Also, the defendants offered and moved the court to give instructions Nos. 3, 4, 5, 6, 7 and 8. Plaintiff's objections were sustained to all of these instructions except Nos. 4, 5 and 6, which were given, together with instructions Nos. 1 and 2, which the court gave upon its own motion.

Upon submission of the cause, the jury returned a verdict finding for the defendants.

Hence this appeal.

In view of the conclusion we have reached, that instructions Nos. 4, 5 and 6, offered by the defendants and given by the court, were erroneous and that instructions Nos. 1 and 2, as given by the court, sufficiently presented

the law of the case, we deem it unnecessary to discuss the other points argued for reversal.

Instructions Nos. 1 and 2, given by the court, are as follows:

"No. 1. The court instructs the jury that it is admitted that the plaintiff was imprisoned in the jail of Graves county and in the legal custody of the defendant, Lloyd Clark, the jailer of said county, you are therefore instructed that it was the duty of said jailer and his deputy in charge to exercise ordinary care to safely keep the plaintiff and to prevent unlawful injury to him while in his custody; now, if you believe that the defendants failed to exercise ordinary care and thereby negligently permitted injury to plaintiff by other prisoners by allowing them to strike and bruise him and knowingly failed to prevent said striking and injuries, if any, to plaintiff, or failed to prevent said injuries if in the exercise of ordinary care could have reasonably anticipated same, then the law is for the plaintiff and the jury will so find, unless you so believe, the law is for the defendant.

"No. 2. The jury is further instructed that if it finds for the plaintiff it should allow him such a sum in damages as you may believe from the evidence will fairly and reasonably compensate him for his physical and mental sufferings, if any of either, for his loss of time, if any, not exceeding $69.00 for the reasonable expense, if any, incurred by him for physician's bill or medicine, not exceeding the sum of $13.00. Said findings shall be against the defendants, Lloyd Clark or Orville Lassiter, or either of them, as the jury may find from the evidence.

"The jury is further instructed that if it believes from the evidence that either of said defendants, or both have been grossly negligent, the jury may in its sound discretion, in addition to compensatory damages as defined in the first paragraph of this instruction, award the plaintiff punitive damages against defendants, or either of them, but the jury's whole award for both compensatory and punitive damages not to exceed $5,000.00, the amount claimed in the petition.

"The jury is further instructed that if it finds for the plaintiff it will state in its verdict whether the sum awarded is compensatory or punitive damages, and if both, the amount of each."

These instructions in our opinion sufficiently presented the law of the case—that is, the law applicable to the issues raised by the pleadings and proof.

In the case of Ratliff v. Stanley, 224 Ky. 819, 7 S. W. (2d) 230, 231, 61 A. L. R. 566, which is similar to the one here presented, the applicable legal principles were thus stated:

"The petition, though inaptly drawn, states a good cause of action. It is alleged in the petition that the prisoners who were confined in the jail at the time plaintiff was placed therein assaulted and injured him, and that defendant knew the prisoners maintained an organization for the purpose of initiating prisoners as soon as they were incarcerated and had frequently assaulted and injured other prisoners, and he had assented to the custom and had encouraged and permitted this organization to assault the plaintiff.

"The question presented by the petition at least has the merit of novelty. The only cases called to our attention in briefs of counsel or disclosed by our independent investigation in which are discussed the operations of kangaroo courts and the liability of jailers for injuries to prisoners attributable thereto are Hixon v. Cupp, 5 Okl. 545, 49 P. 927; Riggs v. German, 81 Wash. 128, 142 P. 479, Ebernart v. Murphy, 110 Wash. 158, 188 P. 17, and the same case on rehearing, 113 Wash. 449, 194 P. 415. In all of these cases the liability of the jailer for such injuries is recognized where he had reasonable ground to apprehend the danger to the prisoner. The law imposes the duty on a jailer to exercise reasonable and ordinary care and diligence to prevent unlawful injury to a prisoner placed in his custody, but he cannot be charged with negligence in failing to prevent what he could not reasonably anticipate."

We are of the opinion the like rule of law, here applicable, was given the jury by the court's instructions Nos. 1 and 2, and that no instruction upon contributory

negligence or upon the sole negligence of the plaintiff was called for or warranted, as causing or justifying the prisoner's assault made upon plaintiff.

While the defendants were here charged with negligence, in failing to prevent the prisoners' unlawful assault upon the plaintiff, it is our conclusion such responsibility therefor could not be avoided if they were shown to have been guilty of negligence, in knowingly permitting this unlawful assault to be made upon plaintiff, upon the ground that his insanitary conduct and abusive language used when incarcerated in the jail constituted a justification for the assault made on him and an avoidance of liability on the part of defendants.

Certainly the misconduct and abusive language used by the plaintiff upon this occasion did not justify the prisoners' organization in assaulting and cruelly beating him while incarcerated in the jail and there left in the custody of the defendants for safe-keeping during the period of his detention.

Plaintiff's insanitary and reprehensible conduct indulged in upon this occasion did not constitute an attack upon the prisoners, giving them the right to assault him, as if done in self-defense.

As said in Ruter v. Foy, 46 Iowa 132:

"There can be no contributory negligence except where the defendant has been guilty of negligence to which the plaintiff's negligence could contribute. An assault and battery is not negligence. The former is intentional; the latter is unintentional."

Also, it is stated in section 24, page 829, 6 C. J. S., Assault and Battery, that contributory negligence constitutes no defense in an action for assault and that it is no defense that plaintiff contributed to the injury.

Such being our conclusion, that the instructions Nos. 4, 5 and 6 here given upon contributory negligence and sole negligence, as stated supra, were improperly and erroneously given and may well have influenced the jury to hold the misconduct of the plaintiff upon this occasion to have justified the wrongful and illegal assault made upon him by the prisoners and therefore, if justified, that the defendant jailer and his deputy were not to be held liable in damages therefor, we conclude that the

giving of same constituted a reversible error and that the judgment, for such reason, should be reversed and the cause remanded for a new trial, with directions that instructions Nos. 4, 5 and 6, as given by the court, be omitted upon the next trial.

Judgment reversed.