Dessie **GLOVER**, Appellant,

v.

Roy **HAZELWOOD** et al., Appellees.

Court of Appeals of Kentucky.

Oct. 30, 1964.

Rehearing Denied March 26, 1965.

---

Damon A. Vaughn, Jerry W. Nall, Vaughn, Nall & Stephens, Dixon, for appellant.

William L. Sullivan, Dorsey & Sullivan, Henderson, for appellees.

CULLEN, Commissioner.

Dessie Glover brought action against Roy Hazelwood, Jailer of Henderson County, and the surety on the latter's bond, to recover damages for personal injuries sustained by Glover when, being confined in the Henderson County jail on a drunkenness charge, he was assaulted by another prisoner, Kelly Moss, who was in jail pending appeal of a conviction of murder. The theory of the action was that the jailer knew or should have known that Moss had dangerous propensities and the jailer did not take proper precautions to protect the other prisoners. At the close of the plaintiff's evidence the court directed a verdict for the defendants on the ground that there was no evidence that the jailer knew that Moss was a dangerous person. From the judgment entered on that verdict Glover has appealed.

The jailer, called as a witness by the plaintiff, testified among other things that: Moss had been held in the jail for almost a year prior to the time of the attack upon Glover. During that period some other prisoners had sustained injuries but upon inquiry among the prisoners the answer always was that the injured person had fallen; however the jailer "would hear later Kelly Moss did this and that." He had "heard conversations," but not from any of the prisoners, that Moss had beaten other prisoners. He knew Moss "wasn't the safest man." He had no reason to be afraid of Moss but he "wouldn't have wanted to visit with him" and he would not have gone into the "bull pen" with Moss by his own choice.

In our opinion the testimony of the jailer was sufficient to create a jury issue as to whether the jailer could reasonably have anticipated that Moss would attack Glover. See Ratliff v. Stanley, 224 Ky. 819, 7 S.W.2d 230, 61 A.L.R. 566; Lamb v. Clark, 282 Ky. 167, 138 S.W.2d 350.

The jail had a "bull pen" area upon which a number of cells opened. The prisoners were simply placed in the bull pen without being assigned to or confined in any particular cell, and the cell doors were not locked. This was because there were no toilet or water facilities in the individual cells. The jailer maintains that he had no adequate means to keep Moss so confined and isolated as to protect the other prisoners. However, it appears that the locking of Moss in a cell would not have been impossible or impracticable or have imposed an unreasonable burden on the jailer; it merely would have caused some inconvenience and special attention in connection with giving Moss access to the water and toilet facilities. We think a jury reasonably could find that the facilities were such as to have enabled the jailer to give protection to the other prisoners from Moss.

It is our conclusion that the court erred in directing a verdict for the defendants.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

PALMORE, J., not sitting.