**CITY OF LEXINGTON, Appellant,**

v.

**John C. GREENHOW, Appellee.**

Court of Appeals of Kentucky.

March 6, 1970.

William C. Jacobs, Lexington, for appellant.

David Van Horn, Lexington, for appellee.

CHARLES M. ALLEN, Special Commissioner.

This is an appeal by the City of Lexington from a judgment entered on a jury verdict for appellee in the amount of $2,625.35 of which $2,500 was for pain and suffering and the balance for medical bills incurred by the appellee.

The appellee on February 8, 1966, had been arrested by the Lexington City Police and taken to the holdover at the police station there. He testified that almost immediately after he was placed in the holdover a 260-pound black man named Angelo Hamilton attacked him and that as a result he was taken to St. Joseph Hospital and since that time has suffered from migraine headaches. No officer or turnkey was present at the time that he was attacked and shortly after he was attacked another man in the holdover and the turnkey came to his rescue.

The appellee in support of his theory that the appellant was guilty of negligence introduced proof to the effect that there had been a killing which had occurred in the holdover four years before the incident which culminated in appellee's injuries. This testimony was vigorously objected to

and its admission is part of the basis for the appeal. There was also testimony that the City had considered purchasing a television monitoring set by which means it could detect from a central point any disturbances that might occur in the holdover. This testimony was also vigorously objected to and forms another basis for the appeal.

The City had in its possession a record showing that Angelo Hamilton had been arrested for being drunk in a public place on February 4, 1966, but had no record showing his propensity for violence.

The only other proof bearing on the question of negligence of the appellant was that of Police Chief Hale who testified that the City had had difficulty with prisoners from time immemorial. He stated that when the prisoners come in the holdover rough and wild drunk, you have to put them in a cell until they sober up. He stated that they were always put in a cell by themselves when they were wild.

The appellant contends vigorously that the trial court should have directed a verdict and failing that should have sustained the motion for judgment notwithstanding the verdict. The leading case in Kentucky is that of Ratliff v. Stanley, 224 Ky. 819, 7 S.W.2d 230, 61 A.L.R. 566. In that case the duty imposed upon a jailer was stated to be the duty to exercise reasonable and ordinary care and diligence to prevent unlawful injury to a prisoner placed in his custody. But he cannot be charged with negligence in failing to prevent what he could not reasonably anticipate.

In Glover v. Hazelwood, Ky., 387 S.W.2d 600, this court reversed a directed verdict for the jailer. In that case there was testimony which showed that the jailer had reason to anticipate that Kelly Moss, a prisoner, would attack Glover. There was testimony that other prisoners had sustained injuries and that the jailer had heard that Moss had beaten other prisoners. The court held that in view of this

evidence a jury could find that the jailer should have kept Moss confined and isolated so as to protect the other prisoners.

In the instant case there is no proof that appellant had any knowledge of Hamilton's violent propensities. The fact that the city was considering purchasing a television system in the absence of proof to the effect that such systems are commonly used in holdover areas and police station areas is not sufficient to warrant an inference of negligence on the part of the city.

The jailer is not an insurer of the safety of the prisoners under his control. The city having no reason to anticipate the violent outburst on the part of Hamilton, it is our opinion that the plaintiff failed to make out a case of prima facie negligence. Had Hamilton manifested any roughness or violence prior to his attack upon appellee, the result would be different.

We are of the opinion that the trial court should have directed a verdict for the appellant.

The judgment is reversed with directions that judgment notwithstanding the verdict be entered for the appellant.

All concur except REED, J., who did not sit or participate in the decision.