BLANCHE, Judge.
Plaintiff-appellant, Mary Alice Adams, brings this action against defendant-appel-lee, State of Louisiana, through the Department of Institutions, for the wrongful death of her son Johnny Adams, Jr., an inmate of Louisiana State Penitentiary at the time of his death. Plaintiff contends that the State is guilty of culpable negligence in that they knew that Johnny Adams, Jr., was a dangerous inmate and failed to maintain proper supervision over him to keep him from causing injuries to himself or others. It is also charged that the State was negligent in failing to exercise the proper security precautions with the result that they failed to discover the knife with which Adams was killed. The evidence shows that Adams approached one Irvin Breaux, another inmate, who at the time was serving a life sentence for murder, either to submit to sexual relations with him or “prove himself.” In this confrontation Adams had in his possession a knife and threw it to Breaux, whereupon, Breaux then stabbed Adams to death. The record reveals that Adams was not a model prisoner and that his disciplinary record was poor. He had been found in possession of a knife on two previous occasions, and on one of these occasions only three weeks prior to his death he had threatened the life of another inmate.
The trial judge’s appraisal of the evidence is correct, and we take the liberty of quoting from his Written Reasons for Judgment:
“There is no question that Adams had a long record of disciplinary violations which was exhibited by his dossier. His record prompted J. D. Middlebrooks, former assistant warden, to testify that it was the worst record insofar as frequency of complaints of those that he had ever seen. However, he noted that most of the violations dealt with refusal to work and did not indicate a prisoner who was unusually dangerous or vicious normally requiring confinement to maximum custody. He stated that after numerous disciplinary actions Adams was removed from medium custody and placed in close custody, but he did not think that Adams [’] record warranted more restrictive custody. Adams certainly was not a model prisoner; however, the court finds no fundamental error in the assessment of the authorities at the prison relative to his custody.
“Despite the fact that on at least two occasions Adams was found with a knife in his possession which may be indicative that security at the prison was not quite as effective as desirable, nonetheless, as pointed out by Middlebrooks, perfection in this regard is absolutely impossible, particularly with the personnel available. The Court does not find any deficiency in the security measures established by the authorities which fail to conform to recognized standards.” (Written Reasons for Judgment, Record, p. 27)
*151 In our opinion this case turns on the question of foreseeability, and our review of the record convinces us that the evidence falls far short of showing that the deceased possessed such dangerous propensities as to justify our finding that the prison officials should be charged with actual or reasonable constructive knowledge that Adams would do injury to himself or others.
The jurisprudence concerning the grounds for liability is stated by us in St. Julian v. State, 98 So.2d 284 (La.App. 1st Cir. 1957) as follows:
“ ‘The general rule gathered from the cases is that in order to hold the State or the employees of a state who have charge of a prison liable for injury to one inmate inflicted by another inmate, there must be knowledge on the part of such officers in charge that such injuries will be inflicted, or good reason to anticipate such, and following that, there must be a showing of negligence on the part of these officials in failing to prevent the injury. Stephens v. Conley, 48 Mont. 352, 138 P. 189; Kusah v. McCorkle [100 Wash. 318], 170 P. 1023 [L.R.A.1918C, 1158]; Ratliff v. Stanley, 224 Ky. 819, 7 S.W.2d 230 [61 A.L.R. 566]; Riggs v. German, 81 Wash. 128, 142 P. 479; Gunther v. Johnson [36 App.Div. 437], 55 N.Y.S. 869.’
“See: Honeycutt v. Bass, La.App. 2 Cir., 187 So. 848; 41 Am.Jur. ‘Prisons and Prisoners,’ Section 13 at p. 894; 72 C.J.S. Prisons § 13, at p. 866.” (St. Julian v. State, 98 So.2d 284, 285)
It is uncontroverted that the decedent without prior warning to penitentiary officials suddenly confronted Irvin Breaux, a fellow inmate, in connection with a perverted sexual matter in which the decedent furnished the knife with which he was killed. Accordingly, there could have been no knowledge of any imminent attack nor was there a showing that prison officials had any opportunity to prevent said attack.
For the above and foregoing reasons, the judgment of the trial court is affirmed, all costs of this appeal to be paid by plaintiff-appellant.
.Affirmed.