David H. SUDDERTH, Jr., Administrator
of the Estate of David H. Sudderth,
III, Appellant,

v.

Sewell WHITE and Charles O.
Forshee, Appellees.

Sewell WHITE and Charles O. Forshee,
Individually and in their Official
Capacity, Cross-Appellants,

v.

David H. SUDDERTH, Jr., Administrator
of the Estate of David H. Sudderth, III;
Bowling Green-Warren County Hospital;
and City of Bowling Green, Cross-Appel-
lees.

BOWLING GREEN–WARREN COUNTY
HOSPITAL, Cross-Appellant,

v.

Sewell WHITE and Charles O. Forshee,
Individually and in their Official
Capacity, Cross-Appellees.

CITY OF BOWLING GREEN,
Cross-Appellant,

v.

Sewell WHITE and Charles O. Forshee;
David H. Sudderth, Jr., Administrator of
the Estate of David H. Sudderth, III;
and Bowling Green-Warren County Hos-
pital, Cross-Appellees.

Court of Appeals of Kentucky.

May 15, 1981.

Rehearing Denied July 17, 1981.

Robert M. Klein and Oliver H. Barber, Jr., Louisville, for David H. Sudderth, Jr., Administrator of the Estate of David H. Sudderth, III.

David F. Broderick, Bowling Green, for Sewell White and Charles O. Forshee.

Murry A. Raines, Bowling Green, for Bowling Green-Warren County Hospital.

Joe B. Campbell, Bowling Green, for City of Bowling Green.

Before GUDGEL, McDONALD and VANCE, JJ.

GUDGEL, Judge.

This is an appeal from a summary judgment and a cross-appeal from an order dismissing cross-claims which were entered by the Warren Circuit Court in a wrongful death action. Appellant contends that the court erred by striking two affidavits filed by him in opposition to the motion for summary judgment; and by determining that absent the affidavits no genuine issue of material fact existed which precluded the granting of a summary judgment as a matter of law. On cross-appeal, the cross-appellants contend that the court erred by denying their motion to dismiss the action on the ground that it is barred by the statute of limitations, and by dismissing their cross-claims.

This case has a tragic factual background. Appellant's son, a student at Western Kentucky University, was arrested and incarcerated in the Warren County Jail on February 13, 1977. In the late evening hours of the same day, he committed suicide by hanging himself in his jail cell with his own leather belt. Appellant was appointed administrator of his son's estate in a foreign jurisdiction, and in such capacity, filed this wrongful death action against Sewell White, the Warren County Jailer, Charles O. Forshee, a deputy jailer, the Bowling Green-Warren County Hospital, and the City of Bowling Green, alleging that the defendants' negligence caused his son's death.

Appellees, Sewell White and Charles Forshee, filed cross-claims against the city and the hospital for contribution and indemnity. Thereafter, the court sustained motions for summary judgment on appellant's claims against the hospital and the city, but denied the hospital's motion for summary judgment on White and Forshee's cross-claims. The city also made a motion for summary judgment on the cross-claims, but the court did not rule on the merits of that motion. Appellant has perfected an appeal from the summary judgments in favor of White and Forshee, but not from the order dismissing his claims against the hospital and the city.

The parties engaged in discovery procedures over an extended period of time. The jailer and his deputy finally made a motion for summary judgment. Appellant filed a response to the motion and attached to it affidavits of two persons who had knowledge of relevant facts surrounding the suicide. The contents of the affidavits were favorable to appellant's claim. Appellees moved the court to strike the affidavits on the ground that they were wrongfully withheld by appellant after he had been served with a request for production of documents which was broad enough to require that the affidavits be produced. The court conducted a hearing on the motion and rendered an opinion and order sustaining it. After ordering the affidavits stricken, the court proceeded to find that no genuine issue as to any material fact existed, and that the jailer and deputy jailer were entitled to a judgment as a matter of law. The court then entered an order dismissing appellant's action against them. The hospital and the city moved to alter or amend the judgment,

and the court proceeded to enter an amended judgment dismissing the cross-claims of the jailer and the deputy jailer against the hospital and the city. This appeal and cross-appeal followed.

On appeal, appellant contends that the court erred by striking the affidavits of the witnesses and that even if the striking of the affidavits was not erroneous, genuine issues of material fact existed which precluded the court from granting summary judgments. Since we have determined, aside from the affidavits, that the record creates a genuine issue of material fact as to whether the jailer is liable for the death of appellant's son, it is unnecessary for us to determine whether the court erred by striking the affidavits.

The jailer testified at his deposition as follows:

A. Well, I told Mr. Griffin what I told the other boy, the same thing. I said, 'Now that boy, they say, might try to commit suicide, and you check on him every now and then through the night,' and I told Mr. Howell the same thing. I know I had that much conversation with him. That had been a custom if any of the doctors sent word or some of the family that he'd attempted to commit suicide, then to check on him during the night and see how he's doing. So I had that much with him, and I probably did have other, but I don't remember what else I said. I got home and I forgot to tell the night man that went on at 10:00, because he wasn't on at that time when I left, and I called back and told him, I said, 'Ivan, do you mind checking on that Sudderth boy in there every now and then.' I said, 'They say he tried to commit suicide once, they said he cut his hands.' And so I said, 'You check on him,' and he said that he would. That's probably the conversation I had with him.

The following questions and answers in his testimony are also pertinent:

Q. 301 Did you know he's tried to commit suicide before you all took him to the hospital?

A. I didn't, no.

Q. 302 When did you find out about that?

A. That was when—well, later on that day. Somebody saw the cuts on his hands and wrists that hadn't healed up yet good.

We are of the opinion that this testimony was sufficient to preclude the court from granting a summary judgment in favor of the jailer.

A jailer has certain duties with respect to prisoners received into his custody, See KRS 71.040; *Lamb v. Clark*, 282 Ky. 167, 138 S.W.2d 350 (1940), but as far as we are able to ascertain, there is no case in this jurisdiction holding that a jailer may be held liable for negligently causing self-inflicted injury or death of a prisoner. The majority of jurisdictions recognize a rule that if a jailer knows or has reason to believe that a prisoner might do harm to himself, he has a duty to exercise reasonable care to assure that such harm does not occur. In determining whether a jailer's duty of reasonable care has been breached, the prisoner's mental state and physical condition must be taken into consideration. *See:* Annot., 79 A.L.R.3d 1210 (1977). Ultimate liability of course depends upon the particular circumstances of each case. We are persuaded by these authorities and elect to follow them.

In this case, there is evidence that the jailer knew the decedent was suicidal, as he was aware that he had previously cut his wrists. There is also evidence that he knew the decedent was in poor physical condition, as paramedics were called to examine him and he was transported to a hospital for treatment. In light of this evidence, we believe that a jury could infer that the jailer breached his duty to exercise reasonable care to prevent the decedent from harming himself by failing to remove his belt from his person. *See Dezort v. Hinsdale*, 35 Ill.App.3d 703, 342 N.E.2d 468 (1976). Therefore, we hold that the court erred by finding that no genuine issue of material fact existed as to whether the jailer is liable for negligence in the death of appellant's son.

However, we find no basis, either in the affidavits stricken or in the evidence in the record, which creates any issue as to whether the deputy jailer was guilty of negligence. He went off duty in the afternoon, long before the suicide occurred. Therefore, even if he was guilty of negligence during the time he was charged with keeping the decedent in custody, his responsibility ended when he went off duty, and the cause of death is attributable, if at all, to superseding negligence on the part of others. Accordingly, we hold that the court did not err by granting a summary judgment in favor of the deputy jailer.

On cross-appeal, the jailer contends that the court erred by failing to grant his motion to dismiss the action on the basis that it is barred by the statute of limitations. Appellant qualified as administrator of his son's estate in a foreign jurisdiction. He filed this action in the same capacity, even though a nonresident fiduciary is not permitted to maintain such an action. However, after appellant became aware of this fact, he filed a motion for leave to amend his complaint and tendered a pleading alleging that subsequent to the filing of the action he had qualified in Kentucky as ancillary administrator of his son's estate. The court entered an order granting appellant permission to amend his complaint and denied the jailer's motion to dismiss. The jailer claims that the court's refusal to dismiss the action was error. We disagree.

We believe that the applicable rule is set forth in *Modern Bakery, Inc. v. Breshear*, Ky., 405 S.W.2d 742 (1966). That case establishes that as long as the real party in interest, by amended complaint, is substituted as a plaintiff after the statute of limitations has run on the original cause of action, the amendment of the complaint to substitute that party relates back, and the action by the new plaintiff is not barred. Such is the situation here, and the court correctly cited the *Modern Bakery, Inc.* case in denying the jailer's motion to dismiss. We distinguish the case of *Vassill's Adm'r. v. Scarsella*, 292 Ky. 153, 166 S.W.2d 64 (1942), cited by the jailer, because it was rendered prior to adoption to our present civil rules in 1953, and those rules had the effect of overruling that case. Similarly, the case of *Lair v. Johnson*, Ky., 313 S.W.2d 272 (1958), is distinguishable on its facts.

The jailer also contends that the court erred by dismissing his cross-claims against the city and the hospital. We agree. Early in the proceedings, the court denied a motion by the hospital for summary judgment on the cross-claims and did not rule on a similar motion made by the city. Thus, it is clear that the court never ruled on the merits of the cross-claims but dismissed them only because they were for contribution and indemnity, and the right to such ceased to exist once the court dismissed appellant's action. Therefore, we believe it is appropriate to reverse the court's order dismissing the cross-claims.

The judgment on appeal in favor of Charles O. Forshee is affirmed. The judgment on appeal in favor of Sewell White is reversed and remanded for further proceedings consistent with this opinion. On cross-appeal, the order dismissing appellee Sewell White's cross-claims against the City of Bowling Green and Bowling Green-Warren County Hospital is reversed and remanded for further proceedings consistent with this opinion.

All concur.