STATE OF NORTH CAROLINA v. VASANTA D. FIELDER

No. 8726SC307

(Filed 19 January 1988)

**Criminal Law § 34.5— undercover sale—officer's statement that defendant was present at prior sale—no improper character evidence**

In a prosecution of defendant for possession and sale of marijuana and cocaine where the officer who purchased the drugs from defendant testified that she had seen defendant in the same house on an earlier occasion when the officer had purchased drugs from a black male, there was no merit to

defendant's contention that this testimony was inadmissible character evidence, since defendant's mere presence at an earlier drug sale was not a prior wrong, evidence of which was excluded pursuant to N.C.R. Evid. 404(b), and the testimony was admissible to establish a positive identification of defendant.

APPEAL by defendant from *Griffin, Kenneth A., Judge.* Order entered 17 November 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 24 September 1987.

In 86CRS37521 defendant was tried upon indictment charging her with (1) possession with intent to sell and deliver a controlled substance, cocaine, and (2) the sale and delivery of cocaine. In 86CRS37524 defendant was tried upon indictment charging her with (1) possession with intent to sell and deliver marijuana, and (2) the sale and delivery of marijuana.

The State's evidence tended to show that on 7 May 1986 undercover Charlotte Police Officer Debbie Givens went to the address known as 613 Key Street Apartment No. 8, accompanied by SBI Agent D. H. Bowman and Officer Gwendolyn Fleming, for the purpose of purchasing controlled substances in her undercover capacity. She also testified that the defendant was to be the anticipated seller.

Fielder was targeted as the anticipated seller due to prior events which occurred on 24 April 1986. On that date, Officer Givens and Agent Bowman went to the same address to attempt to purchase controlled substances from a black male known as "Slim." During this stop, Officer Givens saw defendant Fielder there for two or three minutes. Upon her return to the police station on the same evening, and within an hour of having seen her in person, she identified Ms. Fielder in a photograph. She used these identifications at trial to identify defendant.

When Officer Givens arrived at the apartment on 7 May 1986, she went to the door and asked Ms. Fielder if she had "anything," meaning controlled substances. Ms. Fielder then instructed her to return in thirty minutes because an electrician was on the premises and that she did not have "anything" at that moment. When Givens returned an hour later, the electrician had left and she again approached the door after waiting for a black male to leave, who had been talking to the defendant while standing in the doorway.

Givens again approached the defendant and asked, "What is it going to be like?" Defendant answered that she only had some nickels, which Givens understood to mean five dollar bags of marijuana. Givens then asked for a thirty-five dollar bag of cocaine which defendant did not have because her inventory was limited to twenty-five dollar bags of cocaine. Givens then ordered three nickels, or five dollar bags of marijuana, and one twenty-five dollar bag of cocaine, and handed defendant forty dollars. Defendant went upstairs and returned sixty to ninety seconds later with the controlled substances, and handed Givens a plastic bag containing white powder and three manila envelopes.

When she returned to the Law Enforcement Center, Officer Givens packaged the items and submitted them for analysis. Forensic chemist Jennifer Mills testified at trial that the vegetable matter submitted by Givens in the manila envelope was marijuana, and the white powder was analyzed and determined to be cocaine.

On 19 November 1986, the jury returned verdicts of guilty as to all four charges. Defendant was sentenced to four years imprisonment on a judgment consolidating the two cocaine charges, and a five year suspended sentence was imposed on the consolidated marijuana charges, to run consecutively to the four year sentence on the cocaine charges. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Charles Waldrup, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Marc D. Towler, for defendant appellant.*

JOHNSON, Judge.

Defendant's appeal presents one issue for this court's determination, to wit: whether the trial court properly allowed evidence that defendant had been observed upon the scene of an illegal drug transaction, other than the one for which she was charged, as an "identity" exception to the N.C.R. Evid. 404(b).

Defendant objects to the introduction of evidence at trial to the effect that on 24 April 1986 when officers went to the defendant's admitted residence, 613 Key Street Apartment 8, to purchase controlled substances from a black male known as "Slim,"

Officer Givens saw the defendant inside the apartment. Defendant contends that this evidence strongly implies that an illegal drug transaction took place in which defendant was involved, and was introduced contrary to the prohibition delineated in N.C.R. Evid. 404(b), against inadmissible character evidence.

N.C.R. Evid. 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

We note at the outset that we are not convinced that the challenged testimony has been properly categorized by the defendant as a "crime, wrong, or act" as contemplated by this evidentiary rule. Our review of the question presented on appeal reveals that defendant challenges the introduction of testimony by Officer Givens that while she was attempting to make an undercover purchase of controlled substances from another individual, she merely saw the defendant inside the apartment where the transaction was to occur. We also note that defendant concedes in her brief that the contested testimony "may have been relevant to support Givens' identification of defendant as the perpetrator of the offense committed." The crux of her argument is that the evidence admitted exceeded that which was necessary and "prejudiced defendant by raising an inference that she had committed a similar crime in the past." We do not agree.

Although the defendant does not so explicitly state, her argument is based primarily upon N.C.R. Evid. 403 rather than N.C.R. Evid. 404(b). N.C.R. Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, . . ." We hold that the trial court acted well within its discretion when it allowed the testimony. N.C.R. Evid. 403 is identical to its federal counterpart which has been interpreted to the extent that the decision to exclude evidence under this rule rests solely in the discretion of the trial court. *State v. Mason*, 315 N.C. 724, 340 S.E. 2d 430 (1986), *citing United States v. MacDonald*, 688 F. 2d 224 (4th Cir. 1982).

In the case *sub judice*, we agree with the trial court's decision that the probative value of the contested testimony, which was necessary to establish defendant's positive identification, was not substantially outweighed by the danger of unfair prejudice, i.e. that the jury could possibly infer that defendant could have been involved in a similar crime. Any inferences which may have resulted therefrom were merely unfortunate.

In order to entertain defendant's appeal as presented, we must first embrace the notion that mere presence for which no charge was levied or accusation made must be construed as a "crime, wrong, or an act" as contemplated in N.C.R. Evid. 404(b). Since there was no allegation that a crime was committed, nor any allegation that an affirmative act was performed by the defendant, we must classify the defendant's presence at the scene of the proposed drug transaction on 24 April 1986 as a wrong, in order to properly consider defendant's appeal.

The State contends that evidence of this "wrong" was not introduced to show conformity, but was used to establish the defendant's positive identification as the person who sold controlled substances to Officer Givens on 7 May 1986. We find this contention tenable in light of the fact that the 7 May 1986 transaction was complete in a period of about five minutes during which time Officer Givens only had about three minutes to observe the defendant. It is therefore believable that further evidence could have been required to support a positive identification of defendant as the seller of the controlled substances.

Defendant relies upon both *State v. Thomas*, 310 N.C. 369, 312 S.E. 2d 458 (1984); and *State v. Moore*, 309 N.C. 102, 305 S.E. 2d 542 (1983), in order to support her contention that "in order for evidence to be admissible under the identity exception the circumstances of the two crimes must be such as to tend to show that the crime charged and the other offense were committed by the same person." In fact, this contention lends greater credence to our view that the challenged testimony is not the sort contemplated in N.C.R. Evid. 404(b). Defendant is quite correct in stating that there exists no "logical connection of similarity between the two crimes necessary for use of the other crime to prove identity." Again, we emphasize that we do not have two crimes which may be compared as in *Thomas* and *Moore*. What

---

we have is one incident in which defendant was performing affirmative acts, and one opportunity for observing defendant's physical person. We are not faced with the task of considering the facts of the crime charged and another crime in order to glean enough similarities between the two to establish a common actor. We are merely faced with the crime charged and defendant's presence at the same location on another occasion when Officer Givens had an opportunity to observe defendant. Officer Givens merely had two opportunities to observe the defendant, and needed both to establish a positive identification.

We therefore find defendant's contention that her case was prejudiced by the introduction of the challenged testimony meritless, and affirm the decision rendered by the trial court.

No error.

Judges BECTON and PARKER concur.