IN RE: INQUIRY CONCERNING A JUDGE, NO. 223, ELTON G. TUCKER, RESPONDENT

No. 54A99

(Filed 23 July 1999)

**1. Judges— bench conference—refusal to accept guilty plea—not guilty verdict—absence of sworn testimony—not willful misconduct**

A district court judge was not guilty of willful misconduct in office when he refused to accept a defendant's guilty plea to DWI in a commercial vehicle and entered a not guilty verdict after a bench conference with defendant and the arresting officer based on the officer's inability to confirm the weight of the vehicle or that it was in fact a commercial vehicle, without hearing any sworn testimony and without giving the State the opportunity to present evidence, where the prosecutor had called the DWI case for trial and was in the courtroom and within hearing of the bench at all times while the judge was acting on the case.

**2. Judges— bench conference—refusal to accept guilty plea—not guilty verdict—absence of sworn testimony—conduct prejudicial to administration of justice—censure**

A district court judge is censured for a violation of Canon 3A(4) of the N.C. Judicial Code which constitutes conduct prejudicial to the administration of justice that brings the judicial office into disrepute for finding a defendant not guilty of DWI in a commercial vehicle after a bench conference with the arresting officer and defendant based on the officer's inability to confirm the weight of the vehicle or whether it was in fact a commercial vehicle where the case had been presented on a guilty plea, the normal custom in respondent judge's courtroom was for the pros-

ecutor not to be involved in the taking of guilty pleas, the prosecutor was not present during or involved in the discussion at the bench, and respondent did not hear any sworn testimony or give the State an opportunity to present evidence. The course respondent should have taken upon finding no factual basis for defendant's guilty plea was to reject the plea and return the case file to the prosecuting assistant district attorney so that she could determine whether to dismiss the case or move for a continuance in order to gather evidence concerning the alleged commercial vehicle.

This matter is before the Court upon a recommendation by the Judicial Standards Commission, entered 25 January 1999, that respondent, Judge Elton G. Tucker, a Judge of the General Court of Justice, District Court Division, Fifth Judicial District of the State of North Carolina, be censured for willful misconduct and conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of Canons 2A, 3A(1), and 3A(4) of the North Carolina Code of Judicial Conduct. Heard in the Supreme Court 11 May 1999.

*William N. Farrell, Jr., Special Counsel, for the Judicial Standards Commission.*

*Tharrington Smith, LLP, by Roger W. Smith and F. Hill Allen, for respondent-appellant.*

ORDER OF CENSURE.

The record filed with us by the Judicial Standards Commission (Commission) and the transcript of the proceedings before it reveal the following: Judge Elton G. Tucker (respondent) presided at the 23 June 1997 Criminal Session of District Court, New Hanover County, where *State v. Stump*, New Hanover County docket number 97CR008694, was calendared. When the prosecuting assistant district attorney, Maria C. Warren, called the *Stump* case for trial, the unrepresented defendant advised Ms. Warren of his intention to plead guilty to charges of driving left of center and driving while impaired (DWI) in a commercial vehicle.

The normal practice in respondent's courtroom was that the prosecutor did not participate in the taking of guilty pleas. Ms. Warren handed respondent the *Stump* case file and returned to her other duties in the courtroom. Respondent spoke with the defendant and

**IN RE TUCKER**

[350 N.C. 649 (1999)]

the arresting officer, Brian S. Rommel, at the bench. The defendant affirmed his guilty plea, and respondent completed and had the defendant sign the necessary paperwork.

While making the sentencing determination, respondent noted the Intoxilyzer reading, which was .07, and questioned Officer Rommel. According to respondent, the .07 reading "threw up a red flag." Officer Rommel told respondent that the case involved "a commercial motor vehicle DWI, not a regular DWI."[1] Some discussion then occurred between Officer Rommel and respondent concerning the nature of the vehicle the defendant had been driving, which was the tractor part of a tractor-trailer rig that tows modular homes. Officer Rommel stated that the vehicle was not towing anything, and he was unable to tell respondent the weight of the vehicle.

Respondent asked Ms. Warren for chapter 20 of the North Carolina General Statutes, the motor vehicle code. Ms. Warren approached the bench, gave the requested book to respondent, and returned to her desk. After reviewing the applicable statutes, respondent advised Officer Rommel that he could not find that the vehicle operated by the defendant met the definition of a commercial vehicle, and therefore he could not accept the defendant's guilty plea for the charge of DWI in a commercial vehicle. Respondent accepted the defendant's plea of guilty to driving left of center but entered a not-guilty verdict for the DWI.

Respondent found the defendant not guilty of the DWI based on Officer Rommel's inability to confirm the weight of the truck or whether it was in fact a commercial vehicle, without hearing any sworn testimony and without giving the State an opportunity to present evidence. Testimony before the Commission was conflicting as to Ms. Warren's presence at the bench at the time respondent entered the not-guilty verdict. However, the Commission, after hearing all the evidence and observing the demeanor and determining the credibility of the witnesses, found as a fact that, with the exception of the time she approached the bench to deliver the book, Ms. Warren "was not present during and did not participate in" the discussion between respondent and Officer Rommel at the bench. It is clear from the evidence adduced by the Commission that Ms. Warren was at all relevant times present in the courtroom and readily available.

---

1. Under N.C.G.S. § 20-138.2, it is illegal to drive a commercial motor vehicle with a blood alcohol level of .04 or more or while under the influence of an impairing substance. Under N.C.G.S. § 20-138.1, it is illegal to operate a motor vehicle while under the influence of an impairing substance or with a blood alcohol level of .08 or more.

**IN RE TUCKER**

[350 N.C. 649 (1999)]

On 9 April 1998, respondent was served with a complaint alleging that he "disposed of the *Stump* case *ex parte* without the State's knowledge, without giving the State an opportunity to try or otherwise be heard in the case, and less than 30 days after being served" with another complaint alleging that respondent had found defendants not guilty *ex parte* in two DWI cases. After a hearing on 11 December 1998, the Commission found, in pertinent part, that

[u]pon rejecting the [defendant's guilty] plea, the respondent simply found the defendant not guilty of that charge without hearing any sworn testimony from anyone. The respondent never alerted Warren that there was a problem with the case nor informed her of his rejecting the plea. The respondent disposed of the *Stump* case *ex parte* without the State's knowledge and without giving the State an opportunity to present evidence or otherwise be heard. This the respondent did despite Warren's presence in the courtroom and ready availability. In addition, the respondent disposed of the *Stump* case within 30 days of being served with the COMPLAINT in Inquiry Concerning a Judge No. 207, which alleged in part that the respondent had disposed of two (2) cases *ex parte*. Finally, the respondent's disposition of the *Stump* case occurred notwithstanding his acceptance of a REPRIMAND from the Commission on March 21, 1986, in Inquiry Concerning a Judge, No. 91, which put him on notice that the Commission found his "accepting a plea of guilty to exceeding safe speed and entering judgment thereon without consulting the prosecuting assistant district attorney, and . . . directing the entry of not guilty pleas and verdicts to the original charges in [*State v. Ratcliff*, New Hanover County file number 83 CR 18126,] without hearing any evidence . . . violated Canon 3A(4) of the North Carolina Code of Judicial Conduct, and constituted conduct prejudicial to the administration of justice that brings the judicial office into disrepute."

(Alterations in original).

The Commission concluded that these actions by respondent constituted: conduct in violation of Canons 2A, 3A(1), and 3A(4) of the North Carolina Code of Judicial Conduct; conduct prejudicial to the administration of justice that brings the judicial office into disrepute; and willful misconduct in office. The Commission recommended that this Court censure respondent.

**[1]** While we are troubled by the fact that respondent previously had been warned by the Commission, by private reprimand, about conduct similar to that in question in this case and by the fact that respondent's conduct was the subject of review by this Court just one year ago, nevertheless we conclude that his actions that are in question here do not amount to willful misconduct. The Commission found that respondent "disposed of the *Stump* case *ex parte* without the State's knowledge and without giving the State an opportunity to present evidence or otherwise be heard." However, as counsel for respondent has noted, this case did not involve an *ex parte* transaction in the usual sense. The prosecutor, Ms. Warren, had called the *Stump* case for trial and was in the courtroom and within hearing of the bench at all times while respondent was acting on it. Respondent's actions here were not covert or hidden, as the entire proceeding at the bench was visible and audible throughout the courtroom. The State was clearly on notice that the case was being considered because Ms. Warren had called it for trial. We do not believe that in this respect respondent's actions constituted willful misconduct in office as characterized by the Commission.

**[2]** However, we do agree with the Commission that respondent's actions constituted a violation of Canon 3A(4) of the North Carolina Code of Judicial Conduct and conduct prejudicial to the administration of justice that brings the judicial office into disrepute. Respondent's actions, while not *ex parte* in the ordinary sense, effectively excluded the State and prevented the State from presenting evidence or otherwise being heard. By finding the defendant not guilty without hearing any sworn testimony, when the case had been presented on a guilty plea, when the normal custom in respondent's courtroom was for the prosecutor not to be involved in the taking of guilty pleas, and when in fact the prosecutor was not present during or involved in the discussion at the bench, respondent did not accord the State its full right to participate and be heard.

The course respondent should have taken upon finding no factual basis for defendant's guilty plea was to reject the plea and return the case file to Ms. Warren. Then Ms. Warren, as the prosecuting assistant district attorney and the State's representative, could have determined whether to dismiss the case or move for a continuance in order to gather evidence concerning the alleged commercial vehicle. As this Court stated in a previous admonition to respondent, "[e]ach judge and attorney in the courts of our State has a duty to uphold the legal process. Neither complacency nor the search for efficiency

should obscure that responsibility." *In re Tucker*, 348 N.C. 677, 681, 501 S.E.2d 67, 70 (1998).

Now, therefore, pursuant to N.C.G.S. §§ 7A-376 and 7A-377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that Judge Elton G. Tucker be, and he is hereby, censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

Done by order of the Court in Conference, this the 22nd day of July, 1999.

WAINWRIGHT, J.
For the Court