***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gheen and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Gheen.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The Plaintiff, Jerry Griffin (hereinafter "Griffin"), filed a tort claim affidavit with the Industrial Commission alleging he was attacked while in the custody of the Defendant, North *Page 2 
Carolina Department of Correction on April 26, 2001, while housed at Caledonia Correctional Institution.
2. Griffin testified he had been let out into the yard. Because of the weather and because he suffered a sinus condition, Griffin asked that he be taken back to his cell. Correctional Officer Wright escorted Griffin back to his cell.
3. While being escorted to his cell, Griffin and Officer Wright ascended a staircase. Another Correctional Officer and an inmate Whitworth were descending the staircase. As the two inmates approached, inmate Whitworth attacked Griffin with a razor. Griffin attempted to protect himself with his hands and was cut on both hands.
4. As a result of the attack, Griffin suffers nerve damage and arthritis to the left hand. The scar on Griffin's left hand extends across the back of his knuckles approximately three to three and one half inches and is clearly visible. The scar on his right arm is two to two and one half inches and is clearly visible.
5. Griffin testified that inmate Whitworth was part of a gang with whom Griffin had altercations in the past.
6. Griffin offered testimony that upon his transfer to Caledonia Correctional Institution he warned Sergeant Carter that he "feared for his life" because members of this specific gang had been transferred to Caledonia before his arrival. Griffin testified that he did not know these gang members by name, but only by face.
7. Griffin testified that he had requested a transfer to high intensity control to separate himself from these gang members in order to make himself more safe and keep himself from being attacked. He testified that he had been attacked at a previous institution, Odom Correctional Institution. *Page 3 
8. Griffin's brother and mother testified that Griffin had spoken to them both on the telephone about his requests to be transferred to high intensive control where he would be separated from gang members.
9. Griffin's testimony that he warned prison officials that his "life was in danger" did not effectively communicate to Defendant's employees that Whitworth posed a threat to Griffin or that Whitworth was a member of the gang that posed a threat to Griffin. Griffin's own testimony was that he knew these gang members by face, not name. Furthermore, upon seeing Whitworth prior to the attack there is no evidence that Griffin identified his assailant as a threat to Correctional Officer Wright.
10. Officer Wright testified that there was no record of malcontent between Griffin and inmate Whitworth. Furthermore, inmate Whitworth would not have known that Griffin requested to be returned from the yard at the same time inmate Whitworth was being led down the stairs. Therefore, inmate Whitworth could not have planned the attack on Griffin.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. StateUniversity, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. The State Tort Claims Act provides that the State is liable only for negligent acts of its employees, but not for negligent omissions. N.C. Gen. Stat. § 143-291 et seq.; Isenhour v.Hutto, *Page 4 129 N.C. App. 596, 501 S.E.2d 78 (1998), aff'd in part and rev'din part on other grounds, 350 N.C. 651, 517 S.E.2d 121 (1999).
3. "[T]he general rule [is] that `a prison official is liable when he knows of, or in the exercise of reasonable care, should anticipate danger to a prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners.'" Taylor v. North Carolina Department ofCorrection,88 N.C. App. 466, 451, 363 S.E.2d 868, 871 (1988) (quotingWilliams v. Adams,288 N.C. 501, 504, 219 S.E.2d 198, 200) (1975) (hereinafter "Taylor"). It is equally established law that the NCDOC is "not an insurer of safety of every inmate and will not be found liable for negligence every time one inmate assaults another. . . ."Taylor, supra.
4. Griffin has failed to prove by the greater weight of the evidence that NCDOC employees or agents were negligent in preventing the assault. NCDOC employees were not aware that inmate Whitworth had a weapon or that there was any animosity between the two inmates. N.C. Gen. Stat. § 143-291(a).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 22nd day of June, 2010. *Page 5 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1