STATE OF NORTH CAROLINA ON RELATION OF GEORGE JOHN-NIE WILLIAMS, JR., Administrator of GEORGE JOHNNIE WILLIAMS, Deceased v. W. I. ADAMS, L. R. COBB, GEORGE PEELE, C. BOLTINHOUSE and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, INC.

No. 32

(Filed 5 November 1975)

1. **Public Officers § 9— action against officers — acts which should have been done**
    G.S. 109-34 giving a plaintiff a cause of action against officers and their sureties has been broadly construed over its long history to cover not only acts done by the officers but also acts that should have been done.

2. **Death § 4; Public Officers § 9; Sheriffs and Constables § 4— death of prison inmate — wrongful death action against officers — statute of limitations**
    Although a cause of action was available to plaintiff under G.S. 109-34 with its attendant six year statute of limitations, plaintiff chose to bring an action for wrongful death allegedly caused by the negligence of the defendant officers in not providing medical attention for plaintiff's jailed intestate, and the two year statute of limitations provided for in G.S. 1-53(4) was applicable; therefore, plaintiff is entitled to his day in court on his wrongful death action where plaintiff's intestate was imprisoned on 13 September 1971 and died on the next day, and the action was commenced on 12 September 1973.

ON certiorari to review the decision of the North Carolina Court of Appeals, reported in 25 N.C. App. 475, 213 S.E. 2d 584 (1975), affirming the judgment of Snepp, J., entered 18 November 1974, WAYNE Superior Court, dismissing the action against the defendant.

This action was instituted on 12 September 1973 against the arresting officer, deputy sheriffs, sheriff, and surety on the sheriff's bond, seeking to recover damages in the sum of $100,000 for the wrongful death of the plaintiff's intestate, due to the negligence of the defendant officers. The complaint alleges that plaintiff's intestate was arrested on a traffic violation on 13 September 1971 in front of the Wayne County Courthouse. Upon his arrest, plaintiff's intestate informed the arresting officer, and later the deputy sheriffs, that he was a former mental patient and was severely ill. Nevertheless, he was incarcerated in the county jail. While in jail he, with the aid of other inmates, tried to attract the attention of those in charge of the jail so that he might obtain medical treatment. No one responded, and early the next morning, 14 September 1971, plaintiff's intestate was found dead in his cell. An autopsy revealed that death resulted from "[a]cute bronchial asthma with acute pulmonary edema [accumulation of fluids in the lungs]."

Defendant Fidelity and Deposit Company of Maryland, Inc. (Fidelity), surety on the official bond of defendant Sheriff Adams, answered, pleading in bar of the action the one-year statute of limitations under G.S. 1-54(1) and (2). The trial court, upon Fidelity's motion, entered judgment dismissing the action against Fidelity. The plaintiff appealed, and the Court of Appeals affirmed. That court held that plaintiff's cause of action arose under G.S. 1-54(1), which required that actions against a public officer for a trespass under color of his office be commenced within one year after the cause of action accrues, and since this suit was started more than a year after the incarceration of the plaintiff's intestate, Fidelity's motion for judgment on the pleadings was properly granted.

Plaintiff petitioned for *certiorari,* which we allowed on 6 June 1975.

*Turner and Harrison by Fred W. Harrison for plaintiff appellant.*

*Smith, Anderson, Blount and Mitchell by R. Daniel Rizzo for defendant appellee.*

MOORE, Justice.

The sole question presented for determination by this Court is whether the Court of Appeals correctly affirmed the trial

court's entry of judgment on the pleadings in favor of defendant Fidelity.

Fidelity contends that plaintiff's cause of action is barred by the one-year statute of limitations set out in G.S. 1-54(1) and G.S. 1-54(2), which are as follows:

*"One year.*—Within one year an action or proceeding—

(1) Against a public officer, for a trespass under color of his office.

(2) Upon a statute, for a penalty or forfeiture, where the action is given to the State alone, or in whole or in part to the party aggrieved, or to a common informer, except where the statute imposing it prescribes a different limitation."

(G.S. 1-54(1) repealed by Session Laws of 1975, c. 252, s. 5, effective January 1, 1976.)

Fidelity maintains, and the Court of Appeals agreed, that the actions of the sheriff here constitute a trespass under G.S. 1-54(1). Fidelity further contends that plaintiff relies on G.S. 109-34 to recover on the sheriff's bond, that G.S. 109-34 does not contain a limitation period, and therefore the one-year limitation period of G.S. 1-54(2) prevails.

G.S. 109-34 gives plaintiff a cause of action against the officers and the surety. Pertinent portions of that statute are as follows:

*"Liability and right of action on official bonds.*—Every person injured by the neglect, misconduct, or misbehavior in office of any . . . sheriff . . . or other officer, may institute a suit or suits against said officer or any of them and their sureties upon their respective bonds for the due performance of their duties in office . . . and every such officer and the sureties on his official bond shall be liable to the person injured for all acts done by said officer by virtue or under color of his office."

G.S. 1-50(1) allows a party aggrieved under G.S. 109-34 to institute suit on the official bond of the officer within six years from the breach of the bond.

[1] G.S. 109-34 has been broadly construed over its long history to cover not only acts done by the officer but also acts

that should have been done. *Daniel v. Grizzard,* 117 N.C. 105, 23 S.E. 93 (1895). The last clause of the statute has been held to enlarge the conditions of the official bond to extend to all official duties of the office. *Price v. Honeycutt,* 216 N.C. 270, 4 S.E. 2d 611 (1939); *Kivett v. Young,* 106 N.C. 567, 10 S.E. 1019 (1890). This Court, in *Dunn v. Swanson,* 217 N.C. 279, 7 S.E. 2d 563 (1940), specifically held that under this statute the sheriff and the surety on his official bond are liable for the wrongful death of a prisoner resulting from the negligence of the jailer in locking the prisoner, in a weakened condition, in a cell with a person whom the sheriff and jailer knew to be violently insane and who assaulted the prisoner, causing his death. There, Justice Seawell, speaking for the Court, said:

" . . . [T]he statute [C.S. 354, now G.S. 109-34] itself, in so many words, provides for the prosecution of a cause of action based on negligence. [Citation omitted.]

\* \* \*

"The courts have frequently acted upon the principle that a public statute relating to the subject must be considered as in contemplation of the parties in making a contract, and when it relates to the liability of the parties to the public it becomes an enforceable part of the contract made for their benefit. See cases cited in *Price v. Honeycutt, supra.*

"Under this law, conduct for which the defendants might otherwise have been only personally liable would render both them and their surety liable on the official bond. Only by color of his office could the jailer or sheriff have imprisoned the intestate in the county jail and in the cell where he received the injury resulting in his death."

In commenting on this decision, the author of a note in 19 N.C. L. Rev. 101 (1940-1941) states that *Dunn v. Swanson, supra,* is in accord with the general rule that "a prison official is liable when he knows of, or in the exercise of reasonable care should anticipate, danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners."

Other jurisdictions have upheld wrongful death actions against a sheriff and his surety for negligent failure to provide medical care to a prisoner known to be in need of such care. *State of Mississippi v. Durham,* 444 F. 2d 152 (5th Cir. 1971);

*LaVigne v. Allen,* 36 AD 2d 981, 321 N.Y.S. 2d 179 (1971);
*Farmer v. State,* 224 Mis. 96, 79 So. 2d 528 (1955); *Magen-
heimer v. State,* 120 In. A. 128, 90 N.E. 2d 813 (1950); *Smith
v. Slack,* 125 W. Va. 812, 26 S.E. 2d 387 (1943); *State v. Na-
tional Surety Co.,* 162 Tenn. 547, 39 S.W. 2d 581 (1931); 14
A.L.R. 2d 353.

Plaintiff's complaint is clearly a claim for wrongful death
caused by the negligence of the defendant officers in not pro-
viding medical attention for the plaintiff's intestate, in breach
of their duty under G.S. 153-52 and G.S. 153-53.2 (repealed by
Session Laws of 1973, c. 822, effective February 1, 1974, now
codified as G.S. 153A-221 and G.S. 153A-225).

[2]    Although a cause of action was available to the plaintiff
under G.S. 109-34, with its attendant six-year statute of limita-
tions, plaintiff chose to bring a wrongful death action. In North
Carolina, a right of action to recover damages for wrongful
death is purely statutory and exists only by virtue of the stat-
utes. *Stetson v. Easterling,* 274 N.C. 152, 161 S.E. 2d 531
(1968); *In re Miles,* 262 N.C. 647, 138 S.E. 2d 487 (1964);
*Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761 (1963). Such
an action is barred by G.S. 1-53(4), the two-year statute of limi-
tations. The record shows that plaintiff's intestate was im-
prisoned on 13 September 1971 and died the following day. This
action was commenced on 12 September 1973, within the two-
year period. Therefore, plaintiff is entitled to his day in court
on his wrongful death action and the Court of Appeals erred in
affirming the trial court's entry of judgment on the pleadings.

The case is remanded to the Court of Appeals with direction
to remand to Wayne County Superior Court for trial in accord-
ance with this opinion.

Reversed and remanded.