***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Decision and Order.
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. Plaintiff filed a tort claim alleging that the Secretary of the North Carolina Department of Correction failed to protect him from an inmate assault on or about December 18, 2000 and, in doing so, caused him to suffer injury. Plaintiff also alleges a constitutional violation of his rights pursuant to the Eighth Amendment of the Constitution of the United States of America.
2. On December 18, 2000 plaintiff was incarcerated by defendant at the Harnett Correctional Institution. Plaintiff had been institutionalized at Harnett Correctional Institute for only three and one-half weeks.
3. On December 18, 2000 plaintiff entered the shower area and asked a fellow inmate, who was exiting the shower, if the latter had finished his wash. The inmate replied with an explicative indicating he did not want plaintiff near him.
4. Plaintiff entered the shower. While plaintiff was showering, the inmate fashioned his belt around his hand in such a manner that the belt's lock became a weapon. The inmate attacked plaintiff from behind, hitting him twice in the back of the head.
5. At the time of the attack one Correctional Officer was outside the dorm area and another in the general vicinity of the area where plaintiff was attacked. At the time of the attack the Correctional Officer inside the dormitory was talking with another inmate.
6. The Correctional Officer outside the dormitory immediately unlocked the dormitory door and moved to end the affray. The Correctional Officer inside the dormitory immediately responded to the attack and assisted plaintiff.
7. Plaintiff received medical assistance, including nine stitches to close his wounds. Plaintiff was not immediately taken to a hospital for further examination. Plaintiff experienced a seizure two days later. He was taken to a local hospital and ultimately to Central Prison for monitoring. Plaintiff contends that he continues to experience headaches.
8. Plaintiff testified that he had no prior antagonistic relationship with the inmate who assaulted him.
9. Under direct questioning from the court, plaintiff testified that the Correctional Officers inside and outside the dormitory conducted themselves appropriately under the circumstances.
 ***********
The forgoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. "[T]he general rule [is] that `a prison official is liable when he knows of, or in the exercise of reasonable care, should anticipate danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners.'" Taylor v. NorthCarolina Department of Correction, 88 N.C. App. 446, 451, 363 S.E.2d 868,871 (1988) (quoting Williams v. Adams, 288 N.C. 501, 504, 219 S.E.2d 198,200) (1975). It is equally established law that defendant is "not an insurer of the safety of every inmate and will not be found liable for negligence every time one inmate assaults another. . . ." Taylor v. NorthCarolina Department of Correction, 88 N.C. App. 446, 451, 363 S.E.2d 868,871 (1988) (quoting Williams v. Adams, 288 N.C. 501, 504, 219 S.E.2d 198,200) (1975).
2. There is no evidence that Correctional Officers in the immediate vicinity of the attack had reason to expect or anticipate that plaintiff was under threat of bodily harm. When the surreptitious attack occurred, the affirmative evidence is that Correctional Officers responded to the situation immediately and appropriately. Plaintiff has failed to prove by the greater weight of the evidence that the actions of any employee of defendant on December 18, 2000 constituted negligence. N.C. Gen. Stat. § 143-291(a).
3. North Carolina statutes, case law and constitution, and the federal constitution support the conclusion that defendant has a duty to provide adequate medical care to inmates in its custody, and that duty cannot be delegated. Medley v. North Carolina Department of Correction, 330 N.C. 837,412 S.E.2d 654 (1992). In order to maintain an action for medical negligence, plaintiff must offer evidence to establish (a) the applicable standard of care; (b) breach of that standard; (c) proximate cause; and (d) damages. Turner v. Duke University, 325 N.C. 152, 381 S.E.2d 706
(1989). Plaintiff failed to introduce any evidence of the applicable standard of care or that the standard of care was breached when defendant's employees did not transport him for diagnostic medical care following his assault. Therefore, plaintiff has failed to prove by the greater weight of the evidence that defendant's employees or agents were negligent. N.C. Gen. Stat. § 143-291(a).
 ***********
The forgoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claims must be and are hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 19th day of February 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/__________ THOMAS BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER