***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen, plaintiff's Form T-44 Application for Review, and defendant's brief before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission AFFIRMS the Decision and Order of Chief Deputy Commissioner Gheen.
 *********** *Page 2 
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on defendant's Motion To Dismiss was held before Chief Deputy Commissioner Gheen on December 8, 2005.
2. In his Tort Claim Affidavit filed with the North Carolina Industrial Commission, plaintiff alleges negligence on the part of defendant North Carolina Department of Correction (hereinafter "NCDOC") because he was assaulted by another inmate.
3. Plaintiff stated at hearing that defendant's employees did not know that there was any bad blood between plaintiff and the inmate who assaulted him, and that NCDOC correctional officers had no reason to know that the other inmate was going to hit plaintiff. Plaintiff further stated that there was nothing unusual with plaintiff's attacker being in plaintiff's dorm when the attack occurred.
4. Defendant moved to dismiss plaintiff's claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted, in that plaintiff's allegations are not sufficient to establish negligence on the part of any employee of defendant.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
1. The Industrial Commission has jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. N.C. Gen. Stat. § 143-291(a). *Page 3 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. "[T]he general rule [is] that `a prison official is liable when he knows of, or in the exercise of reasonable care, should anticipate danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners.'" Taylor v.North Carolina Department of Correction, 88 N.C. App. 446, 451,363 S.E.2d 868, 87l (1988) (quoting Williams v. Adams, 288 N.C. 501, 504,219 S.E.2d 198, 200) (1975). It is equally established law that the NCDOC is "not an insurer of the safety of every inmate and will not be found liable for negligence every time one inmate assaults another."Taylor, 88 N.C. App. at 452, 363 S.E.2d at 871. Plaintiff's Affidavit and argument at hearing before Chief Deputy Commissioner Gheen fail to show that NCDOC officers or agents had any prior knowledge that plaintiff might be subject to assault and, therefore, fail to show negligence or any negligent acts by employees of defendant. Considering plaintiff's allegations as true, plaintiff failed to state a claim for negligence. N.C. Gen. Stat. § 143-291(a).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis. *Page 4 
This 8th day of January, 2007.
 S/___________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE CHAIRMAN
 S/___________________ DIANE C. SELLERS COMMISSIONER