* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Harris. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of Deputy Commissioner Harris with minor modifications.
 * * * * * * * * * * *
The following documents were proffered as evidence as:
 EXHIBITS
1. Defendant's Exhibit 1: Statement and documentation concerning availability of Plaintiff's witnesses Lee Harris and Anthony L. Chavious
2. Defendant's Exhibit 2: Witness statements
 3. Defendant's Exhibit 3: Grievance forms *Page 2 
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, the plaintiff was in the custody of the North Carolina Department of Correction.
2. On October 8, 2002 at approximately 4:45 p.m., the plaintiff finished taking a shower at the Johnston Correctional Institute. The plaintiff was wearing shower sandals. Before he exited the shower area, he was placed back in handcuffs by Officers Lee Brown and George Miller.
3. Once handcuffed, plaintiff exited the shower area. As he stepped forward with his right foot, plaintiff slipped on the wet floor outside the shower area and fell backward, hitting the back of his head on a bar in a cell door on the side of the passageway.
4. Officer Brown testified at the hearing before the Deputy Commissioner that plaintiff's right foot slipped and "there was no catching him." Officer Brown further testified that he would have tried to catch the plaintiff but he was three-and-a half feet behind the plaintiff and there was "no catching" plaintiff as he went down "quick." Neither Officer Brown nor Officer Miller was in any position in which they could catch the plaintiff as he fell.
5. Officer Miller did not testify at the hearing before the Deputy Commissioner.
6. When plaintiff's head hit the bar, plaintiff suffered two lacerations on the back of his head that required sutures. Plaintiff was given pain medication.
7. Defendant has not alleged contributory negligence on plaintiff's part. *Page 3 
8. The Full Commission finds that Officers Brown and Miller owed plaintiff a duty of care to ensure that the plaintiff did not slip and fall on the wet floor as he exited the shower area while he was handcuffed and unable to catch himself.
9. The Full Commission finds that Officers Brown and Miller breached their duty of care owed to the plaintiff by failing to hold onto plaintiff or to be in a position to catch him when he began to fall and that as an actual and proximate result of this breach of duty, the plaintiff sustained injuries to his head.
10. The Full Commission finds that plaintiff was damaged by Officers Brown and Miller.
11. To the extent that plaintiff's Affidavit in this matter alleges a claim for medical negligence based on his treatment after sustaining his injuries on October 8, 2002, plaintiff did not file an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure, nor did he offer expert testimony at the hearing.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). The general rule is that a prison official is liable when he knows of, or in the exercise of reasonable care, should anticipate danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners. Taylor v. North CarolinaDepartment of Correction, *Page 4 88 N.C.App. 446, 451, 363 S.E.2d 868, 871 (1988) (quoting Williams v.Adams, 288 N.C. 501, 504, 219 S.E.2d 198, 200) (1975).
2. The named employees of defendant in this matter could reasonably have foreseen that the plaintiff was in danger. Officers Brown and Miller had a duty to protect the plaintiff from foreseeable slips and falls in the shower area. The officers' failure to hold onto and/or more closely assist the plaintiff as he exited the shower in handcuffs while wearing wet shower sandals constituted a breach of that duty. Officers Brown and Miller also had a duty to protect plaintiff against foreseeable harm. Id.
3. As a result of the negligence of Officers Brown and Miller, the plaintiff suffered a fall that caused a head injury to the plaintiff that required sutures. The burden of proving damages is on the party seeking those damages. Olivetti Corp. v. Ames Business Systems,Inc., 319 N.C. 534, 547, 356, S.E.2d. 578, 586 (1987), citing Brown v.Moore, 286 N.C. 664, 213, S.E.2d 342 (1975). Having shown that he was damaged by the negligence of Officers Brown and Miller, plaintiff is entitled to compensation under the Tort Claims Act. N.C. Gen. Stat. § 143-291. However, the plaintiff has also alleged medical damages as a consequence of ongoing medical problems and pain. Where injuries are subjective, as in the case of pain, an expert witness must testify with reasonable medical certainty, from personal examination, knowledge of the history of the case, or from a hypothetical question, that the plaintiff may be expected to experience future pain and suffering as a result of the injury proven. Collins v. St. George PhysicalTherapy, 141 N.C. App. 82, 86, 539 S.E.2d 356, 359 (2000), citingGillikin v. Burbage,-263 N.C. 317, 326, 139 S.E. 2d 753, 760 (1965). However, in the present case, there is insufficient medical evidence to show that the plaintiff has continued to experience medical problems, pain, and suffering as a result of the fall. *Page 5 
4. To the extent that plaintiff's Affidavit filed in this matter alleges a claim for medical negligence based on his treatment since he sustained his injuries on October 8, 2002, it must be dismissed for failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay to plaintiff the sum of $500.00 in monetary damages.
2. Plaintiff's claim for medical negligence is DISMISSED WITHOUT PREJUDICE.
4. Defendant shall pay the costs of this action.
This the __ day of May 2007.
 S/____________________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/____________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________________ BUCK LATTIMORE CHAIRMAN *Page 1