* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and upon reconsideration, the Full Commission affirms in part and modifies in part the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction of the parties and the subject matter.
2. On August 27, 2004, plaintiff was an inmate housed in A Block, Unit 1 of Lanesboro Correctional Institution.
3. On August 27, 2004, Jennifer Cole and Pamela Stegale were employees of the North Carolina Department of Correction and all actions taken by them pertinent to this action were in the course of said employment.
4. On August 27, 2004, Anthony Sturdivant and Kevin Brown were inmates at Lanesboro Correctional Institute and were not housed in the same block as plaintiff.
5. The issues before the Full Commission are whether plaintiff's injuries on August 27, 2004 were the result of the negligence of defendant and, if so, what amount of damages plaintiff should recover from defendant.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 27, 2004, plaintiff was housed in A Block, Union Unit at Lanesboro Correctional Institute.
2. Inmates Anthony Sturdivant and Kevin Brown were not housed in A Block, Union Unit at Lanesboro Correctional Institute. *Page 3 
3. On August 27, 2004, Officers Jennifer Cole and Pamela Stegale were working in A Block, Union Unit, and were responsible for the ingress and egress of inmates from A Block. Officer Stegale was working for only her third day as a Department of Correction employee.
4. On August 27, 2004, plaintiff was approached by an unknown inmate who asked him for a dollar. Plaintiff told the inmate that he did not have a dollar, and plaintiff continued toward his dorm area. Officer Cole was working the control booth and opened the door for plaintiff to enter the sallyport area of Union Unit. The inmate who asked plaintiff for money followed plaintiff into the sallyport. The door was opened for plaintiff to enter A Block and the door was closed behind plaintiff. The other inmate did not enter A Block. Plaintiff then went to his cell, locked his door by closing it, and lay down to sleep. Approximately 20 to 30 minutes later, plaintiff awoke to the sound of a "pop" and the lock on his door being released. Inmates Sturdivant and Brown entered plaintiff's cell and Inmate Sturdivant robbed plaintiff and stabbed him once in each thigh.
5. After the attack, Officer Steagle was in the control booth and Officer Cole was working the floor and stopped Inmates Sturdivant and Brown, who had run out of the cellblock area and into the sallyport.
6. Plaintiff suffered various injuries from the assault, including a deep stab wound to his upper thigh. As a result of the assault, plaintiff suffered substantial pain and was treated with bandages and medication.
7. Since the assault, plaintiff has continued to receive medication for pain from the stab wound. He also has to wear a knee brace and use a cane due to the pain and problems associated with the stabbing. *Page 4 
8. Inmates Sturdivant and Brown were charged and found guilty of disciplinary violations for the robbery and assault.
9. Officer Stegale testified that she did not know who belonged in the cellblock and who did not because it was her third day on the job. Officer Stegale also testified that it is an officer's duty to be aware of who belongs in a cell block and that it is contrary to defendant's policy for inmates to be in a cellblock other than the one they are housed in.
10. Officer Cole did not testify before the Deputy Commissioner.
11. Lieutenant Christopher Covington testified that both assailants had been identified as members of a security threat group and that security threat group members require an additional level of supervision because of their tendency to create dangerous situations.
12. Based on the evidence of record, the Commission finds that Inmates Sturdivant and Brown were not housed in A Block, Union Unit and should have never been admitted into the Unit. The presence of Inmates Sturdivant and Brown in Union Unit is a breach of the standard of care defendant owed to every individual housed in the Unit.
13. Based upon the greater weight of the evidence, the Commission finds that plaintiff's injuries are a direct result of the negligence of defendant's employees, who failed to adequately supervise plaintiff's cellblock and allowed the assailants entry to his cell. Further, the Commission finds plaintiff's injuries are the direct and proximate cause of defendant's negligence.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following: *Page 5 
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. The Tort Claims Act provides that the State is liable for the negligent acts of its employees. N.C. Gen. Stat. § 143-291 et seq.
4. North Carolina Department of Correction had a duty of reasonable care to protect plaintiff from reasonably foreseeable harm. Failure to do so constitutes negligence. Taylor v. North Carolina Dept. ofCorrection, 88 N.C.App. 446, 451, 363 S.E.2d 868, 871 (1988).
5. The greater weight of the evidence shows that defendant's employees were negligent in the manner in which they supervised plaintiff's dorm area and in allowing Inmates Sturdivant and Brown to enter plaintiff's cell. As a direct result of this negligence, plaintiff was assaulted and suffered an injury with long-term effects. Williams v. Adams,288 N.C. 501, 219 S.E.2d 198 (1975).
6. The greater weight of the evidence fails to show that plaintiff was contributorily negligent in any manner that may have resulted in his injuries. N.C. Gen. Stat. § 143-291(a).
7. The assault by Inmates Sturdivant and Brown was the proximate cause of plaintiff's deep stab wound, which required continuing pain management and assistive devices.
8. Given the nature and extent of plaintiff's injuries, as well as plaintiff's need for future medical treatment, $5,000.00 is a reasonable sum for plaintiff's loss. *Page 6 
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover the sum of FIVE THOUSAND DOLLARS ($5,000.00) from defendant for the injuries he suffered August 27, 2004. Defendant shall pay plaintiff this sum as money damages. 2. No costs are taxed as plaintiff was permitted to file this civil action in formapauperis.
This 1st day of July, 2008.
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING IN PART AND DISSENTING IN PART:
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 7