***********
Upon review of the record, including the pleadings from the Industrial Commission file, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and the pleadings, modifies the Decision and Order of the Deputy Commissioner and enters the following Decision and Order.
 ***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Plaintiff's Exhibit 1: Incident report and witness statements
2. Plaintiff's Exhibit 2: Offense and disciplinary report
3. Plaintiff's Exhibit 3: Grievance documents *Page 2 
 *********** ISSUE
Plaintiff filed an Affidavit alleging that, as a direct and proximate result of Defendant's negligent failure to supervise, he was injured when he was assaulted by another inmate.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On April 27, 2009, Plaintiff was an inmate at Bertie Correctional Institution. Plaintiff was housed in general population.
2. Shortly after 10:00 p.m. on the night of April 27, 2009, Plaintiff was in his cell, which was located in D pod. Another inmate called Plaintiff out of his cell, indicating that someone wanted to see him. When Plaintiff exited his cell, inmate Brian Carter confronted him and attempted to hand him some clothing and a bag. Inmate Carter then began to swing at Plaintiff with a razor blade.
3. As a result of the attack by inmate Carter, Plaintiff sustained cuts to his face, including his nose and chin, his left temple, left ear, and the palm of his left hand. Plaintiff did not strike inmate Carter but rather simply tried to fend off the attack.
4. After Plaintiff managed to get away from inmate Carter, Plaintiff ran to the sergeant's office, but there was no one there. He then ran to the unit manager's office.
5. There was no correctional officer present on the floor to supervise D pod at the time of the attack. Officers Harrell and Morris were assigned to supervise the area at the time, but Officer Harrell had gone to work at the canteen, and Officer Morris had left the floor to get a piece of paper from the sergeant's office. *Page 3 
6. Inmate Carter came from F pod to attack Plaintiff. Officer Ward was stationed at the control booth at the time and he opened the slider door, allowing inmate Carter to pass freely between the pods without authorization.
7. After the incident, Plaintiff got medical attention at the prison. Nurse Reyes assessed him with multiple lacerations to the left ear, cheek, nose and face and a 5-6 centimeter laceration to his left palm. At Nurse Reyes' direction, Plaintiff was taken to Bertie Memorial Hospital, where he was treated and released.
8. Plaintiff has permanent scars on his face, chin and left ear from the attack.
9. Since the attack, Plaintiff has been fearful of a recurrence and has had nightmares about it. Plaintiff saw a therapist at Bertie Correctional Institution regarding the attack. He has since been transferred to Scotland Correctional Institution and has requested mental health treatment there, but had not received any such treatment as of the date of the hearing before the Deputy Commissioner.
10. Plaintiff was charged with fighting in connection with the April 27, 2009 incident, but the charge was later dismissed after prison officials determined that Plaintiff had done nothing other than defend himself.
11. According to the findings of Defendant's investigation of the April 27, 2009 incident, officers should have been present on the floor where Plaintiff was attacked, particularly when the slider door between the pods was open.
12. Based upon the greater weight of the evidence, the Commission finds that Plaintiff's injuries are a direct result of the negligence of Defendant's employees, who breached the standard of care Defendant owed to Plaintiff to adequately supervise Plaintiff's pod by leaving their posts without first obtaining proper relief and by allowing Inmate Carter entry into *Page 4 
D pod without authorization. Further, the Full Commission finds that Plaintiff's injuries are the direct and proximate cause of Defendant's negligence.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against departments, institutions and agencies of the State. Id.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. The Tort Claims Act provides that the State is liable for the negligent acts of its employees. N.C. Gen. Stat. § 143-291 et seq.
4. Defendant had a duty of reasonable care to protect Plaintiff from reasonably foreseeable harm. Failure to do so constitutes negligence. Taylor v. North Carolina Dept. of Correction,88 N.C.App. 446, 451, 363 S.E.2d 868, 871 (1988).
5. The greater weight of the evidence shows that Defendant's employees were negligent in the manner in which they supervised Plaintiff's pod by leaving their posts without first obtaining proper relief and by allowing Inmate Carter to enter D pod without authorization. As a direct result of this negligence, Plaintiff was assaulted and suffered injuries including the trauma of being attacked and repeatedly cut in the face and hand with a razor, pain and suffering, and permanent facial disfigurement.Williams v. Adams, 288 N.C. 501, 219 S.E.2d 198 (1975). *Page 5 
6. It was reasonably foreseeable to Defendant's officers that one inmate would attack another if the inmates were left unsupervised with free access to one another. Taylor v. North Carolina Dept. ofCorrection, 88 N.C.App. 446, 451, 363 S.E.2d 868, 871 (1988).
7. The greater weight of the evidence fails to show that Plaintiff was contributorily negligent in any manner that may have resulted in his injuries. N.C. Gen. Stat. § 143-291(a).
8. As a direct and proximate result of Defendant's officers' breach of their duty or reasonable care, Plaintiff sustained significant injuries, some with long-term effects.
9. Given the nature and extent of Plaintiff's injuries, $5,000.00 is a reasonable sum for Plaintiff's loss.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendant SHALL pay Plaintiff the sum of $5,000.00 as monetary damages.
2. Defendant shall pay the costs.
This the ___ day of July, 2011.
 S/_________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
S/______________________ BERNADINE S. BALANCE *Page 6 
COMMISSIONER
S/_____________________ DANNY LEE McDONALD COMMISSIONER *Page 1