***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Holmes and the assignments of error and briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of Deputy Commissioner Holmes, with minor modifications.
 ***********
The following items were admitted into evidence as:
 EXHIBITS *Page 2 • Defendant's Exhibit 1: Incident Report, Investigating Officer's Report, and attached Witness Statements
 *********** ISSUE
Plaintiff filed a Tort Claim Affidavit alleging that employees of Defendant at Scotland Correctional Institution were negligent in failing to protect him from an assault by another inmate.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is a prison inmate incarcerated in the custody and control of Defendant, North Carolina Department of Correction.
2. Plaintiff alleges that, on April 3, 2006, Defendant's employees were negligent in allowing Inmate Travis McCord access to Plaintiff's cell where he assaulted Plaintiff with a homemade weapon.
3. The evidence shows that on April 3, 2006, Officer Martin English was assigned to JF-POD on the Blue Unit at Scotland Correctional Institution, and Officer Tracy Tyner was assigned to the Control Booth on the Blue Unit. The Blue Unit is a close custody unit, meaning that inmates assigned to it were general population inmates. Both Plaintiff and Inmate McCord were assigned to the Blue Unit on April 3, 2006, however, their cells were located on different blocks within the unit. *Page 3 
4. During inmate mass movement from the cafeteria back to the Blue Unit, Inmate McCord entered the block where Plaintiff's cell was located. Officer Tyner did not observe Inmate McCord enter the block as there were a number of inmates passing through to various blocks at the time.
5. At approximately 11:45 a.m., Officer Martin noticed a disturbance at the back of Plaintiff's block. Plaintiff and Inmate McCord then came running out of the block into the corridor where they exchanged blows. Officer Martin ordered the inmates to stop fighting, but they continued. Officer English then administered a burst of pepper spray to both inmates. At that time, Plaintiff had possession of the weapon. The inmates continued to fight.
6. Lieutenant Darrin McNeill responded to the scene and ordered the inmates to stop fighting. However, they continued to fight. Lieutenant McNeill then administered a second burst of pepper spray to the inmates and they separated. Lieutenant McNeill ordered Plaintiff to drop the weapon, but Plaintiff failed to comply. Lieutenant McNeill then sprayed Plaintiff with two bursts of pepper spray, and Plaintiff dropped the weapon.
7. Both inmates were then decontaminated, evaluated by medical staff, and placed on administrative segregation pending an investigation of the incident.
8. Upon evaluation by medical staff, it was noted that both inmates sustained abrasions and lacerations caused by the homemade weapon. There is contradictory evidence regarding which inmate initiated the physical altercation.
9. The Full Commission finds that it was not reasonably foreseeable that Inmate McCord would likely assault Plaintiff. There is no evidence that Plaintiff and Inmate McCord had a history of problems. Furthermore, at the hearing before the Deputy Commissioner, Plaintiff acknowledged that, although he had the ability to lock his cell door to prevent anyone *Page 4 
from entering, he didn't, "recall, exactly, locking [his] door" prior to the incident which is the subject of his claim.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2007). The Act is in partial derogation of sovereign immunity, see Stone v. N.C. Dep't ofLabor, 347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998), and subjects the State to liability by application of respondent superior based upon the conduct of an identified, "officer, employee, involuntary servant, or agent" of the party-defendant.See id.; see also Wirth v. Bracey,258 N.C. 505, 507-08, 128 S.E.2d 810, 813 (1963).
2. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. "[T]he general rule [is] that `a prison official is liable when he knows of, or in the exercise of reasonable care, should anticipate danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners.'" Taylor v. North Carolina Department ofCorrection,88 N.C. App. 446, 451, 363 S.E.2d 868, 871 (1988) (quotingWilliams v. Adams,288 N.C. 501, 504, 219 S.E.2d 198, 200)(1975) (hereinafter "Taylor"). It is *Page 5 
equally established law that the NCDOC is "not an insurer of the safety of every inmate and will not be found liable for negligence every time one inmate assaults another. . . ." Taylor,88 N.C. App. at 452, 363 S.E.2d at 871.
4. In the instant case, no employee of Defendant either knew or reasonably should have known that Inmate McCord would likely assault Plaintiff. This was not a reasonably foreseeable threat of harm, and no duty owed to Plaintiff was breached. N.C. Gen. Stat. § 143-291(a) (2009); Bolkhir v. N.C. StateUniv., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). There is no evidence that Plaintiff and Inmate McCord had a history of problems, or that Plaintiff expressed concern for his safety or requested protective custody.
5. Plaintiff's lack of concern over his own safety is evidenced by his testimony that he did not recall locking his cell door, despite the fact that he had the ability to do so to prevent other inmates from entering his cell. Defendant's employees cannot be held liable for failing to predict an assault that even Plaintiff did not foresee.
6. Having failed to demonstrate that any employee of Defendant could have reasonably foreseen any threat of harm by Inmate McCord toward Plaintiff, Plaintiff has not met his burden of proof.Id. Accordingly, Plaintiff's claim is subject to dismissal, and he may recover nothing from Defendant.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED with prejudice.
2. Plaintiff SHALL have and recover nothing from Defendant. *Page 6 
3. No costs are assessed as Plaintiff was allowed to file his claim in forma pauperis.
This the ___ day of September, 2011.
 S/_____________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/____________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________________ TAMMY R. NANCE COMMISSIONER *Page 1