# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs October 4, 2016

## JAMES SMALLWOOD v. STATE OF TENNESSEE

### Appeal from the Tennessee Claims Commission
### Claim No.T20141695      Robert N. Hibbett, Commissioner

---

### No. M2016-00276-COA-R3-CV- Filed October 25, 2016

---

An inmate of the Tennessee Department of Correction filed a claim against the State of Tennessee seeking to recover damages for personal injuries he sustained when he was attacked on August 23, 2013, by a fellow inmate. The Claims Commissioner found that the material facts were not disputed and there was no forewarning of the assault. Because the claimant provided no evidence showing that the attack was foreseeable, the Claims Commissioner concluded that the prison did not breach any duty to protect the claimant and summarily dismissed the claim. The claimant appealed. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

James Smallwood, Only, Tennessee, Pro se.

Herbert H. Slatery, III, Attorney General and Reporter, Andree S. Blumstein, Solicitor General, and Jennifer L. Brenner, Assistant Attorney General, Nashville, Tennessee, for the appellee, the State of Tennessee.

### OPINION

James Smallwood ("Claimant"), while an inmate at the Turney Center Industrial Complex in the custody of the Tennessee Department of Correction, was attacked on August 23, 2013, by another inmate, Robert Devito. On June 4, 2014, Claimant timely filed a claim with the Division of Claims Administration seeking to recover from the State of Tennessee damages for personal injuries he sustained as a result of August 23, 2013 attack. Because the Division of Claims Administration was unable to act on the

claim within ninety days, the claim was transferred to the Claims Commission pursuant to Tenn. Code Ann. § 9-8-402(c).

Claimant alleges in his complaint that "the State of Tennessee was negligent with the care, custody, and/or control of his person while incarcerated at [Turney] Center Industrial Complex." He seeks to recover two million dollars plus all future medical cost based upon the following facts:

> While housed at [Turney] Center Industrial Complex [at] approximately 7:30 A.M. on the 23rd[ ] day of August 2013 while returning from the ice room with two coolers of ice [inmate] Robert Devito came up from behind the claimant and hit him in the back of the head with a rock knocking him unconscious. Then he hit him again on the left side of his head and finally yet importantly, a final blow to the right side of his head. . . .

> Claimant was viciously struck in the head with a rock wrapped in a laundry bag by inmate Robert Devito # 168368 and left for dead while the pod C/O just stood there watching it all unfold before finally calling a code.

> Claimant was transported to Meharry Hospital first then immediately thereafter transported to Vanderbilt hospital where he laid in a coma until waking up with permanent brain damage.

In its answer to the complaint, the State admits that Claimant was an inmate in the custody of the Tennessee Department of Correction on August 23, 2013, and further admits that Claimant was attacked by another inmate and sustained injuries. The State denies that it had prior knowledge that Claimant "was about to be assaulted, or that his safety was in jeopardy in any way." The State further asserts that "the claimant did not give notice to the defendant that he feared for his safety, nor did he ask for an 'incompatible' designation with regard to inmate Robert Devito." For its affirmative defenses, the State contends the complaint fails to state a claim for which relief can be granted, that "no injury sustained by the claimant was caused by the negligence of any employee of the State of Tennessee," and, "to the extent this claim for damages alleges the willful or malicious act of a State employee or any third party, [the] Claims Commission lacks jurisdiction to hear such cases."

Thereafter, the State filed a motion titled "MOTION TO DISMISS OR FOR SUMMARY JUDGMENT" in which it moved to dismiss the case or in the alternative, for a judgment pursuant to Tennessee Rules of Civil Procedure 56.02. As grounds, the State asserted:

[T]he claimant has not alleged that prison officials had prior knowledge of a dispute between himself and inmate Devito, has not alleged that they had engaged in previous verbal or physical altercations, has not alleged that there was an incompatible designation between the two of them, and has not alleged that he communicated any fear for his safety whatsoever to prison officials. As such, the claimant cannot state a claim for relief for the negligent care, custody or control of his person and his claim must fail.

For these reasons, the defendant respectfully requests that this case be dismissed or that a judgment be entered in its favor.

In his written response in opposition to the motion, Claimant states, "The defendant's main affirmative defense/argument states: 'The Claimant fails to state a claim as the altercation was not reasonably foreseeable.'" Claimant, however, provides no statement of disputed facts and identifies no evidence to support a finding that the State knew or should have known the altercation was foreseeable.

By order entered on November 20, 2015, Commissioner Robert N. Hibbett, who served as the trial judge, noted that oral argument was not requested by either party; therefore, he announced that the issue would be decided upon the pleadings pursuant to Claims Commission Rule 0310-1-1-.01, and found, in pertinent part:

[T]here was no prior notice of the attack on [Claimant], either by [Claimant] himself, or by prison staff. [Claimant] filed two affidavits by witnesses to the assault.[1] These affidavits speak concerning the assault itself and the action (or inaction) of a correctional officer during the assault. There is no reference to any prior incident or knowledge that would have put prison officials on notice that an assault could take place. The Claimant has not made any assertions that he or prison officials had reason to know that the assault was going to occur. As a general rule, the prison must have prior notice of an attack in order to be held liable. *Gillespie v. Metropolitan Govt.*, 1992 WL 9441 (Tenn. Ct. App. Jan. 24, 1992); *Harris v. State*, 297 A.2d 561, 563 (N.J. 1972). While the injuries sustained by the Claimant are most unfortunate, they simply were not foreseeable and this claim fails on that basis alone. . . .

Summary judgment is proper when the moving party can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Taking into

---

[1] The Commissioner's ruling included a footnote regarding these affidavits that reads: "The Claimant filed formal sworn affidavits on October 14, 2015. These were accepted and considered by the Tribunal." Because the affidavits were considered, the motion converted to that of summary judgment.

consideration the Claimant's own version of the incident, it appears that upon applying his account of the facts to the law the State is entitled to summary judgment and dismissal.

Accordingly, the claims commission entered judgment in favor of the State. Thereafter, Claimant filed a motion to alter or amend which was denied. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's decision on a motion for summary judgment de novo, without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id*. In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking a summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to judgment as a matter of law. *Godfrey*, 90 S.W.3d at 695. Summary judgment should be granted at the trial court level when the undisputed facts and the inferences reasonably drawn from the undisputed facts support one conclusion: that the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002).

## ANALYSIS

The dispositive issue in this appeal is whether the trial court erred by summarily dismissing the claim because the injury was not foreseeable.

The issue of liability arising from inmate-on-inmate assaults is not new to this state. Our courts have repeatedly noted that penal institutions are not insurers of an inmate's safety. *See Harvey v. Dickson Cty*., No. M2007-01793-COA-R3-CV, 2008 WL 2165958, at *2 (Tenn. Ct. App. May 21, 2008); *Gillespie v. Metro. Gov't*, No. 01A01-9109-CV-00317, 1992 WL 9441, at *1 (Tenn. Ct. App. Jan. 24, 1992). The general rule is that the penal institutions merely have a duty to use reasonable and ordinary care to prevent foreseeable attacks on inmates by other inmates. *Harvey*, 2008 2165958, at *2. A penal institution breaches its duty of care "when the institution's authorities knew of or had reason to anticipate an attack and did not use reasonable care to prevent it." *Id*. (citing *Gillespie*, 1992 WL 9441, at *1; *Spann v. State*, 421 So.2d 1090, 1092-93 (Fla.

Dist. Ct. App. 1982), *petition for review denied w/o op*., 430 So.2d 452 (Fla. 1983); *Lexington v. Greenhow*, 451 S.W.2d 424, 425-26 (Ky. Ct. App. 1970); *Parker v. State*, 282 So.2d 483, 486 (La. 1973), *cert. denied*, 414 U.S. 1093, 94 S.Ct. 724, 38 L.Ed.2d 550 (1973); *Padgett v. State*, 558 N.Y.S.2d 433, 434 (N.Y. App. Div.), *app. denied*, 76 N.Y.2d 711, 565 N.E.2d 516, 563 N.Y.S.2d 767 (1990); *Williams v. Adams*, 288 N.C. 501, 504, 219 S.E.2d 198, 200 (N.C. 1975); *Justice v. Rose*, 102 Ohio App. 482, 144 N.E.2d 303, 304 (Ohio Ct. App. 1957); *Saunders v. State*, 446 A.2d 748, 751 (R.I. 1982)). Stated differently, to establish the proximate causation necessary to prevail in a negligence action against a penal institution for an inmate-on-inmate assault, the institution must have "had prior notice of an attack." *Gillespie*, 1992 WL 9441, at *1; *see also Hanks v. State*, No. 02A01-9810-BC-00295, 1999 WL 454459, at *3 (Tenn. Ct. App. July 2, 1999).

In *Gillespie v. Metropolitan Government*, an inmate was injured when another inmate struck him with a milk crate. *Gillespie*, 1992 WL 9441, at *1. In affirming the trial court's decision to grant summary judgment to the defendants, we noted that Metropolitan Government's motion for summary judgment was supported by numerous affidavits of correctional officers working at the jail, each of whom stated that at no time prior to the assault had the plaintiff or any other inmate or correctional officer informed the affiant that the attacker posed any threat to the plaintiff's safety. *Id.* at *2. The affiants also stated that the plaintiff had not requested to be removed from the attacker, and the attacker had no history of violent behavior. Moreover, the plaintiff admitted in his deposition that he was never threatened by the other inmate. *Id.* Therefore, because the plaintiff failed to provide any proof to create a dispute of fact as to prior notice, we affirmed the summary dismissal based upon the defense of lack of notice.

In *Hanks v. State*, the plaintiff suffered personal injuries when another inmate threw a pan of hot grease on him. *Hanks*, 1999 WL 454459, at * 1. As in *Gillespie*, the plaintiff in *Hanks* admitted that he had not notified anyone at the prison of his fear of a potential attack by the attacker. *Id.* at *4. Moreover, there was no proof that the attacker had any disciplinary infractions or other history of assaults during the two years he had been in prison prior the attack on the plaintiff. *Id.* On appeal, we reiterated that "[t]he penal institution breaches its duty [to use reasonable and ordinary care to prevent foreseeable attacks on inmates by other inmates] when its authorities know of or have reason to anticipate an attack and do not use reasonable care to prevent it," and that there must generally be some "prior notice of an attack." *Id.* Therefore, because the State had no notice that the attacker "posed any threat of harm to [the plaintiff]," we concluded that "the State did not breach its required duty of care." *Id.* Accordingly, we affirmed the grant of summary judgment in favor of the State. *Id.*

In *Kinningham v. State*, the plaintiff was grabbed by another inmate who suddenly and without warning cut the plaintiff on the arm. *Kinningham v. State*, No. M2001-00495-COA-R3-CV, 2001 WL 1089501, at *1 (Tenn. Ct. App. Sept. 18, 2001). The

plaintiff admitted in his deposition that he had no notice of potential harm, and he had no knowledge if the penal officers had any such notice. The claim was summarily dismissed by the Claims Commission. We affirmed the grant of summary judgment because the plaintiff offered no proof that the State had any notice that a fellow inmate posed any threat of harm to the plaintiff. *Id.* at *4.

Turning to the matter at hand, Claimant does not claim that he complained to prison officials that inmate Devito posed a threat to him or that he and Devito previously argued. Moreover, Claimant does not allege that they had any prior altercations or were incompatible. Therefore, there is no evidence that prison authorities knew of or had reason to anticipate that inmate Devito would assault Claimant. Accordingly, the State was entitled to summary judgment as a matter of law.

After his claim was summarily dismissed, Claimant filed a motion to alter or amend wherein he asserted, for the first time, an alternative theory. Specifically, he asserted that the Commissioner's focus should not be on "the foreseeability of the attack," but on the weapon Devito used to assault him. A similar argument was presented in *Harvey v. Dickson County*, wherein a fellow inmate attacked inmate Harvey with a mop handle. *Harvey v. Dickson Cnty.*, No. M2007-01793-COA-R3-CV, 2008 WL 2165958, at *3 (Tenn. Ct. App. May 21, 2008). Harvey alleged that the defendants, Dickson County and the Sheriff of Dickson County, breached their duty to prevent foreseeable harm because they did not secure the mop in an inaccessible place and they knew or should have known that the mop could be used as a weapon. We rejected the argument finding it unpersuasive because the relevant cases, *Gillespie*, *Hanks* and *Kinningham*, "focus not on the instrumentalities used in the inmate-on-inmate assaults, but rather, on the previous conduct of the inmates at issue." *Id.* at *4. We went on to state:

> Each of the instrumentalities used in the assaults in *Gillespie* and *Hanks* - cooking grease and a milk crate - served an essential purpose in the penal institutions. Although each of them could have been secured while not in use, and armed guards could have stood over the inmates as each was being used, the relevant authorities have established that the penal institutions are not required to employ such extraordinary safeguards.

*Id.* Based on the foregoing reasoning, we concluded that "the issue in these cases is whether the penal institution had notice that an inmate posed a threat to assault another inmate, and if so, did the institution use reasonable care to prevent such an assault." *Id.* (citing *Hanks*, 1999 WL 454459, at *3).

We find this reasoning persuasive in the case at hand. As in *Harvey*, the dispositive issue here is whether the attack was foreseeable. As stated above, an inmate-on-inmate assault should be viewed as foreseeable only if "the institution's authorities

knew of or had reason to anticipate an attack and did not use reasonable case to prevent it." *Gillespie*, 1992 WL 9441, at *1. The undisputed facts establish that the prison officials had no reason to anticipate an attack on Claimant by Devito. Therefore, the State was entitled to summary judgment as a matter of law.

## IN CONCLUSION

The judgment of the Claims Commission is affirmed. Costs of appeal are assessed against the appellant, James Smallwood.

_____
FRANK G. CLEMENT, JR., P.J., M.S.
